**Frances LEWIS, Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellee.**

**No. 77–1783.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1978.

Decided April 25, 1978.

---

Kim C. Brown, The Legal Aid Society, Welfare Law Unit, St. Louis, Mo., for appellant; Shirley E. Allen and J. L. Whaley, St. Louis, Mo., on brief.

Jean Hamilton (former Asst. U. S. Atty.), St. Louis, Mo., for appellee; Robert D. Kingsland, U. S. Atty. and Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., on brief.

Before HEANEY and HENLEY, Circuit Judges, and HANSON, District Judge.*

HANSON, District Judge.

Frances Lewis appeals from an order of the district court sustaining the decision of the Secretary of Health, Education and Welfare to deny her claim for disability insurance benefits and supplemental income benefits based on disability. We reverse and remand for further proceedings.

Claimant filed an application for disability insurance benefits on April 7, 1975. Benefits were denied both initially and on reconsideration by the Social Security Administration. Thereafter, on September 29, 1975, claimant filed an application for sup-

* WILLIAM C. HANSON, Senior District Judge, Southern District of Iowa, sitting by designation.

plemental security income disability benefits. This petition was also considered and reconsidered by the Social Security Administration and denied. At claimant's request, a hearing was then held before an administrative law judge (ALJ). The ALJ denied her claim on October 27, 1976, and the Appeals Council affirmed that ruling on December 23, 1976.

Claimant filed this action in the United States District Court for the Eastern District of Missouri seeking judicial review of the Secretary's final decision. Cross-motions for summary judgment were subsequently filed. The trial court, upon the recommendation of the magistrate, found claimant was entitled neither to disability insurance benefits under Sections 416(i) and 423 nor to supplemental security income benefits under Sections 1382(a) and 1382c of Title 42 of the United States Code. Summary judgment was entered in favor of the Secretary. On appeal, claimant argues that the district court erred in finding that the decision of the Secretary of Health, Education and Welfare to deny her benefits was supported by substantial evidence.

Lewis was born on August 25, 1931 and, while having an eleventh grade education, she has no vocational or special training. Her past employment record consists principally of maid work in a nursing home from 1969 until June of 1971, at a restaurant from 1967 to 1969, and at the University of Alabama for some twelve or thirteen years prior to that time. She claims to have lost her last two jobs because of a severe skin rash on her hands.

In the hearing before the ALJ, it became apparent that Lewis predicated her disability upon four chronic conditions: severe eczematous dermatitis, hypertension, depressive neurosis, and alcoholism. There was also some evidence to the effect that she suffered from chest pains, backaches, and headaches.

Medical evidence adduced at the hearing included St. Louis City Hospital records and evaluation reports from Dr. F. Crimi, M.D., and Dr. John Anderson, M.D. The St. Louis City Hospital records indicated that between March 25, 1972 and August 19, 1974, claimant had problems with hypertension and chronic dermatitis and alcoholism. Dr. Crimi's report, which was completed at Malcolm Bliss Mental Health Center on September 11, 1974, revealed dermatological problems and resultant insomnia. The report of Dr. Anderson, who examined Lewis on June 20, 1975, confirmed the dermatological problem and further diagnosed plaintiff to be suffering from chronic depressive neurosis.

It was claimant's apparent alcoholism, however, that took on importance during the administrative hearing. The ALJ's inquiry into Lewis' use of alcohol revealed that claimant drank up to two fifths of wine a day, often drank up to a fifth of gin before or after work, and suffered from resultant memory lapses. Claimant's daughter testified that her mother has drank heavily since becoming unemployed.

Despite this evidence regarding claimant's apparent alcoholism, the ALJ made no mention of it in any of the medical findings from which his determination of no disability followed.

\* \* \* \* \* \*

3. The medical evidence establishes that the claimant is presently suffering from chronic depressive neurosis and atopic dermatitis.

4. The evidence establishes that these impairments have not reached the level of severity which would prevent claimant from engaging in substantial gainful activities as an inspector, hand packer or bench assembly work [sic].

\* \* \* \* \* \*

6. The claimant was not under a "disability," as defined in the Social Security Act, as amended, commencing at any time prior to the issuance of this decision.

Lewis, as claimant, must establish the existence of a disability that entitles her to benefits under Sections 423(d) and 1382c(a)(3) of Title 42 of the United States

Code (Social Security Act).[1] *Yawitz v. Weinberger*, 498 F.2d 956, 959 (8th Cir. 1974). To satisfy the statutory definition of disability, there must be evidence showing a medically determinable physical or mental impairment that will last for at least twelve months, or result in death, and an inability to engage in substantial, gainful activity. The evidence must also demonstrate that the claimant is unable to engage in substantial, gainful activity because of the alleged impairment. *Dressel v. Califano*, 558 F.2d 504, 506–07 (8th Cir. 1977); *Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975).

It is the claimant's burden to show an inability to perform her past occupation due to the medically determinable ailment. Once she has done so, the burden shifts to the Secretary to show that the claimant can perform some other type of substantial, gainful employment. *See Johnson v. Califano*, 572 F.2d 186 (8th Cir. 1978).

In this case, the ALJ determined that claimant was not entitled to benefits because the Secretary demonstrated Lewis to be capable of other employment. The district court's review of that determination is limited under 42 U.S.C. § 405(g) to a substantial evidence test:

> The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .

Substantial evidence has been defined as ". . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and it must be based on the record as a whole." *Celebrezze v. Bolas*, 316 F.2d 498, 501 (8th Cir. 1963).

On appeal Lewis asserts that the ALJ's adverse decision is dependent upon the affirmative answer of vocational expert Dr. Arthur E. Smith to the following hypothetical question, a question predicated upon claimant's ability to stop using alcohol.

> . . . I want you to assume that I will find from the various medical reports and from testimony provided by Mrs. Lewis that she does have the ability, if she wishes to pursue it, to stop drinking . . . . . Assuming those facts, would she have the necessary residual functional capacity to perform any type of gainful employment . . . ?

Claimant argues no finding was ever made with respect to her ability to stop drinking. This Court has previously held that the presence of alcoholism does necessitate some finding as to the voluntary ability of the claimant to control the use of alcohol before disability payments can be denied. *Adams v. Weinberger*, 548 F.2d 239 (8th Cir. 1977).

The magistrate, who was aware of the ALJ's failure to make a finding as to alcoholism, reviewed the administrative record and took note of the testimony regarding claimant's use of alcohol. In his memorandum and recommendation to the court, the magistrate concluded:

> Although the Social Security Law Judge does not refer to claimant's alcoholism in his ultimate findings, the record would indicate that this is certainly one of her major problems. There is no doubt, but that Ms. LEWIS has a severe dermatitis problem, and has both hypertension and depression, which seems to be somewhat related to the excessive use of alcohol. We are almost forced to conclude that the use of alcohol is Ms. LEWIS' principal enemy . . . . .

---

1. "Disability" entitling claimant to insurance benefits is defined in Section 423(d)(1)(A) and (2) as follows:

 . . . *inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months* . . . . .
 an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .

 The term "disabled individual," upon which supplemental security income is predicated, is defined in 42 U.S.C. § 1382c(a)(3)(A) and (3)(C) in terms of a disability identical to that defined and quoted above in Section 423.

The claimant has been candid enough to admit that she has had two successful withdrawal periods from alcohol, so we conclude that she has not lost voluntary ability to control its use. Also, she insists that she does not partake of alcohol while actually on the job. This further indicates some control in that direction.

The district court, by adopting the magistrate's recommendation, commits two errors. First, a district court may not, under the Social Security Act, make findings of fact to supplement those of the Secretary. 42 U.S.C. § 405(g); *Torres v. Secretary of Health, Education & Welfare*, 475 F.2d 466 (1st Cir. 1973). Secondly, even if the district court could return to the record and make additional findings against which to apply the substantial evidence test, a finding of an ability to control alcoholism cannot rest on claimant's testimony alone. *Adams, supra* at 245.

In addition to presuming that claimant had the ability to stop drinking, the hypothetical question posed to the vocational expert is said to be fatally deficient because it failed to include evidence of claimant's depressive neurosis. This Court has found that the failure to relate all claimed impairments within the scope of a propounded hypothetical can render it deficient. *Daniels v. Mathews*, 567 F.2d 845 (8th Cir. 1977). Evidence as to claimant's impairments must be considered as a whole and cannot be fragmented so as to diminish their combined impact. *Thomas v. Weinberger*, 398 F.Supp. 1034 (D.Kansas 1975); *Dunn v. Richardson*, 325 F.Supp. 337, 346 (W.D.Mo.1971).

We conclude that the ALJ has failed to develop a full and fair record and that the cause should be remanded to the Secretary for a further hearing consistent with this opinion.

The judgment is reversed and remanded to the district court with direction to remand the claim to the Secretary of Health, Education and Welfare for further hearing.