**Wilma I. THORNE, Appellant,**

v.

**Joseph CALIFANO, Secretary of the Department of Health, Education and Welfare, Appellee.**

**No. 79–1195.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1979.

Decided Oct. 17, 1979.

Richard H. Hoch, Hoch & Steinheider, Nebraska City, Neb., for appellant.

Robert F. Kokrda, Asst. U. S. Atty., Omaha, Neb., for appellee; Edward G. Warin, U. S. Atty., Omaha, Neb., on brief.

Before LAY, STEPHENSON and McMILLIAN, Circuit Judges.

LAY, Circuit Judge.

Wilma I. Thorne appeals from the district court's grant of summary judgment in favor of the Secretary of Health, Education and Welfare denying her disability benefits under 42 U.S.C. §§ 416(i), 423. After re-

viewing the record we conclude that the decision of the Secretary is not supported by substantial evidence. We therefore reverse and remand the proceeding for further consideration in light of our opinion.

Mrs. Thorne is a 59 year old woman with a 10th grade education. She has been employed 21 of the past 28 years as either a nurses' aide or as a production line worker. Mrs. Thorne suffers from hypertension, diabetes and severe osteoarthritis of the spine. On March 30, 1977 Mrs. Thorne filed an application for disability benefits claiming that she had been unable to work since May of 1975 because of severe back pain.[1] After a hearing, at which she was represented by counsel, the administrative law judge (ALJ) denied her request for benefits, finding that although she may have been precluded from doing her usual work there was evidence that she could engage in sedentary work. The Secretary affirmed the denial. Upon review the district court also affirmed, holding that there was no substantial evidence on the record as a whole that the claimant was disabled.

Mrs. Thorne was the only witness at the hearing before the ALJ. She testified that by May of 1975 her back pain rendered her unable to walk more than one to two blocks, to climb stairs or to do any lifting. She also testified that standing for only two hours produced painful swelling in her ankles and knees, and caused her to experience pain in her hips. She stated that she was forced to leave her job as a nurses' aide in May of 1975 because it became impossible for her to perform the strenuous work that her job demanded. She also testified that since 1975 she has been unable to return to either of her former occupations.

The ALJ also received into evidence medical reports from four physicians, but only two were rendered by physicians who examined Mrs. Thorne.

The non-examining physicians concluded in 1977 that Mrs. Thorne was not disabled. Although such medical opinion may constitute substantial evidence for consideration, *see Richardson v. Perales*, 402 U.S. 389, 402, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), we have observed on other occasions that these reports deserve little weight in the overall evaluation of disability. In the present case the medical opinions of the non-examining physicians directly contradicted the reports of the examining physicians who in 1977 both opined that plaintiff was disabled and could not perform gainful employment under the Act. When these reports are evaluated along with plaintiff's testimony, and in the absence of any contradictory evidence by a vocational expert, it is clear that the substantial evidence on the whole demonstrates that plaintiff at least in 1977 was unable to perform any gainful employment under the Act.

The difficulty is that the medical testimony is deficient as to any corroboration of plaintiff's condition in 1975, the disputed year of disability. Of the two examining physicians, one saw her for the first time in 1977. The other, her personal physician, Dr. Koerber, did not state whether plaintiff was or was not disabled in 1975; in his medical opinion to the Secretary he omitted the date on which he first saw her for her arthritis.[2]

While it is the claimant's burden to establish the existence of a disability, *see Lewis v. Califano*, 574 F.2d 452, 454 (8th Cir. 1978); *Johnson v. Califano*, 572 F.2d 186, 187–88 (8th Cir. 1978), the ALJ has the duty of developing the facts fully and fairly.[3] *See Landess v. Weinberger*, 490 F.2d

---

1. In order to receive disability benefits Mrs. Thorne must have been disabled by or at the time she last met the special earnings requirements of the Act, which was in June of 1975.

2. The district court placed great reliance on Dr. Koerber's brief office notes of her visits and found no record of any back complaint in 1975. Yet by inadvertence or otherwise the Government's brief concedes that Dr. Koerber found she had arthritis of the spine in March of 1974.

3. This is true even when claimant has counsel, as she did here. During oral argument counsel asserted he was not allowed to view the Secretary's file containing the doctors' reports until 20 minutes before the hearing. On the other hand, without intending criticism of claimant's counsel, we feel counsel should have been pre-

1187, 1189 (8th Cir. 1974); *Garrett v. Richardson*, 471 F.2d 598, 603 (8th Cir. 1972); *Sellars v. Secretary of H.E.W.*, 458 F.2d 984, 986 (8th Cir. 1972). Where the hearing examiner has failed to fully and fairly develop the record this court has required the Secretary to reopen the case "until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled or not." *Landess v. Weinberger*, 490 F.2d at 1189. *See also Lewis v. Califano*, 574 F.2d at 456; *Daniels v. Mathews*, 567 F.2d 845, 848–49 (8th Cir. 1977); *Garrett v. Richardson*, 471 F.2d at 604. In this case there is no opinion evidence as to whether Mrs. Thorne's condition made her unemployable in 1975. Neither counsel nor the ALJ made any effort to ascertain from the medical witnesses the disability status of the claimant in 1975. Instead, the AJL relied upon present medical testimony and his own personal opinion. We deem the record incomplete. Under the circumstances we hold the case should be remanded in order to have the views of Mrs. Thorne's treating physician more fully developed. *See Landess v. Weinberger*, 490 F.2d at 1189–90; *Johnson v. Richardson*, 486 F.2d 1023, 1025 (8th Cir. 1973).

If it is established on remand that Mrs. Thorne has had since 1975 a medically determinable impairment which precluded her from returning to her former occupations, it will then become the Secretary's burden to show that she was able to perform some other type of employment "both substantial and gainful and within . . . [her] capacity and capability, realistically judged by . . . [her] education, training and experience." *Nichols v. Gardner*, 361 F.2d 963, 966 (8th Cir. 1966) (quoting *Ribicoff v. Hughes*, 295 F.2d 833, 837 (8th Cir. 1961)). *Accord, Garrett v. Richardson*, 471 F.2d at 603; *Brinker v. Weinberger*, 522 F.2d 13, 17–19 (8th Cir. 1975). If there is conflicting evidence on the issue of whether Mrs. Thorne can return to her former jobs, the

ALJ should call a vocational expert and elicit his opinion by hypothetical questions which relate with precision Mrs. Thorne's job capacity and opportunity to her physical impairment. *See Daniels v. Mathews*, 567 F.2d at 848; *Garrett v. Richardson*, 471 F.2d at 603–04.

JUDGMENT REVERSED AND REMANDED.

---

pared to submit reports from treating physicians containing opinions based upon examinations in 1975 or hypothetical opinions based on claimant's medical history and records, as to whether claimant was disabled in 1975, the extent of such disability, and whether in their opinion plaintiff could perform substantial gainful employment at that time. Here the record is totally deficient as to any of these facts.