Delores **WOODHEAD**, Plaintiff,

v.

Joseph **CALIFANO**, Secretary of Health, Education and Welfare, Defendant.

No. CIV. 77–0–368.

United States District Court, D. Nebraska.

Nov. 16, 1979.

Timothy M. O'Roark, Omaha, Neb., for plaintiff.

Paul W. Madgett, Asst. U. S. Atty., Omaha, Neb., for defendant.

## MEMORANDUM OPINION

SCHATZ, District Judge.

In this action, Delores Woodhead seeks judicial review of a final decision of the Secretary of Health, Education and Welfare denying plaintiff's applications for disability and supplemental income benefits under the Social Security Act, 42 U.S.C. §§ 416, 423 and 1381a. The case was referred to the magistrate for determination pursuant to 28 U.S.C. § 636. The matter is presently before this Court on the plaintiff's written objections to the magistrate's recommendation that the Secretary's decision be affirmed. A careful and independent review of the record convinces this Court that the administrative finding of nondisability is not supported by substantial evidence. Accordingly, the Secretary's denial of benefits will be reversed.

The procedural and factual background of this case, including a review of the evidence adduced at the administrative hearing, is thoroughly and accurately reflected in the magistrate's memorandum and will not be recounted in detail here. In brief summary, the record establishes that Delores Woodhead is a twenty-eight year old woman with a ninth grade education, no special vocational training and a full-scale I.Q. of between 68 and 74. Plaintiff has a mild mental retardation, suffers from speech and communication deficiencies and has a history of grand mal epilepsy and various other maladies.

Plaintiff's past employment activities were all procured through the efforts of social service agencies such as the Eastern Nebraska Community Office on Retardation. Her only successful occupation was a job folding linen in the University of Nebraska Medical Complex laundry for a period of approximately 2½ years while she was still living at home with her parents. Plaintiff quit that job to get married in July, 1974. Thereafter, she returned to work in the laundry in October, 1974, but quit again in November because of her inability to cope with criticism from her supervisors and fellow workers. Plaintiff also worked for a time in 1976 performing similar tasks at American Linen Supply, but was terminated in August of that year for excessive tardiness and absenteeism.

In evaluating the evidence presented at the hearing, the administrative law judge made the following observations:

Although the Claimant is handicapped, she does not have one or more impairments that would meet the definition of "disability." She does have a mild mental retardation but this is not sufficient to prevent the performance of simple tasks or the following of simple directions and she has demonstrated in the past that she can perform routine and uncomplicated work. She has a nervous condition but there is no diagnosis which would substantiate a psychotic condition or any severe neuroris or personality disturbance. She apparently gets along fairly well from a social standpoint and is able to function on the job, but is not able to cope with criticism and apparently has not been too concerned about getting to work on time.

Based on his analysis of the evidence, the administrative law judge made the following pertinent findings of fact:

6) Considering the Claimant's residual physical capacity and her vocational background, the Claimant should be able to perform her former work activity which was working in a laundromat. In addition, the Claimant should be able to perform in any highly routine, semi-skilled type of occupation.

7) The Claimant was not prevented from engaging in any substantial gainful activity for any continuous period beginning on or before the date of this decision which has lasted or could be expected to last for at least twelve months.

8) Claimant was not under a "disability," as defined in the Social Security Act, as amended, at any time on or prior to the date of this decision.

In recommending that the administrative law judge's findings be affirmed by this Court, the magistrate makes the following comments:

The record demonstrates that plaintiff is an unfortunate individual who has been mentally and socially retarded since birth. Her work history has been sporadic and consisted primarily of special placement in "sheltered" type work settings. Such success as she has had in that employ-ment has been dependent, to more than a normal degree, upon external supervision in her personal life. She has, therefore, never actually been engaged in "competitive" employment as that term would be regularly understood.

* * * [I]t is apparent from this record that plaintiff's inability, after her marriage, to continue in the employment which she then had is as readily inferable [sic] from the resulting lack of private life supervision as from any increase in anxiety neurosis or the onset of the other ailments. Plaintiff thus has not met the burden of demonstrating that it is her claimed physical impairments which are the cause of her inability to engage in gainful employment and the record supports [the] Secretary's finding in that regard.

■ In determining whether the Secretary's decision in this case is supported by substantial evidence, the Court is mindful that it is the plaintiff's burden to establish that she is "disabled" within the meaning of the statute, that is, that she is not able to engage in any substantial gainful activity as a result of a medically determinable physical impairment. The rule is frequently recited that the plaintiff must sustain the initial burden of proving an inability to return to her previous occupation, at which point the burden then shifts to the Secretary to prove that the plaintiff can engage in other types of substantial gainful activity. *See, e. g., Davis v. Califano,* 605 F.2d 1067, 1071 (8th Cir. 1979); *Lewis v. Califano,* 574 F.2d 452, 455 (8th Cir. 1978). It is this formulation of the burden of proof which provides the central focus of inquiry in this case. The administrative law judge found, and the Secretary contends before this Court, that the plaintiff is not disabled because she has not shown that she lacks the physical capacity to again perform her past work activities.

This Court agrees with the Secretary that substantial evidence in the record as a whole supports the administrative law judge's finding that the plaintiff possesses the residual physical capacity to fold laun-

dry and perform other simple tasks under closely supervised conditions. The record also clearly demonstrates that because of her physical and mental impairments, the plaintiff is presently incapable of securing and maintaining a competitive job performing such tasks in the absence of close supervision in both her personal and work environments. Finally, the record is barren of evidence tending to establish the reasonable availability in the national economy of alternative jobs which the plaintiff might be capable of performing. Therefore, the issue in this case is whether the evidence of plaintiff's past history of employment in sheltered work settings is sufficient to sustain a finding that the plaintiff is not disabled.

The instant case is analogous to the frequently encountered situation in which work actually performed by the plaintiff during a period of claimed disability is offered by the Secretary as evidencing the plaintiff's ability to engage in substantial gainful activity.[1] Under the applicable regulations and construing case law, such prior activity is treated as evidence, but not necessarily dispositive evidence, on the issue of disability. For instance, 20 C.F.R. § 404.-1532 takes account of the nature of the work previously performed by the plaintiff:

(a) *In general.* If an individual performed work during any period in which he alleges that he was under a disability as defined in § 404.1501, the work performed may demonstrate that such individual has ability to engage in substantial gainful activity.

\* \* \* \* \* \*

(d) *Adequacy of Performance.* The adequacy of an individual's performance of assigned work is also evidence as to whether or not he has ability to engage in substantial gainful activity. The satisfactory performance of assignments may demonstrate ability to engage in substan-

tial gainful activity, while an individual's failure, because of his impairment, to perform ordinary or simple tasks satisfactorily without supervision or assistance beyond that usually given other individuals performing similar work, may constitute evidence of an inability to engage in substantial gainful activity. \* \* \*.

(e) *Special Employment Conditions.* Work performed under special conditions of employment which take account of the employee's impairment (for example, work in a sheltered workshop or in a hospital by a patient) may, nonetheless, provide evidence of skills and abilities that demonstrate an ability to engage in a substantial gainful activity, whether or not such work in itself constitutes substantial gainful activity \* \* \*.

20 C.F.R. § 404.1534 takes account of the plaintiff's earnings from past work activities:

(a) *General.* Where an individual who claims to be disabled engages in work activities, the amount of his earnings from such activities may establish that the individual has the ability to engage in substantial gainful activity. Generally, activities which result in substantial earnings would establish ability to engage in substantial gainful activity; however, the fact that an individual's activities result in earnings which are not substantial does not establish the individual's inability to engage in substantial gainful activity. \* \* \* Also a mentally handicapped individual who performs simple tasks subject to close and continuous supervision would not have demonstrated ability to engage in substantial gainful activity solely on the basis of the rate of his remuneration for such activity.

■ It is clear from the language of these regulations that the fact of a past work history, standing alone, is not neces-

---

1. Plaintiff's original application for disability benefits states that the onset of her disability was August 2, 1976. Thereafter, plaintiff did not work at any time through and including the date of the administrative decision below. The precise issue, therefore, is not whether a post-

disability work activity is disqualifying to plaintiff, but whether evidence of her prior employment, combined with a hypothetical ability to return to such activities, is sufficient to sustain a finding that the plaintiff can engage in substantial gainful activity in the first instance.

sarily sufficient to sustain a finding of non-disability. The issue in cases such as this has been well stated by Judge (now Justice) Stevens in *Stark v. Weinberger,* 497 F.2d 1092 (7th Cir. 1974):

> Unquestionably the regulations provide a basis for concluding that plaintiff's employment during the period in which she claims to have been disabled is disqualifying. But it is clear that each case must be decided on its own facts, and post-disability employment is not necessarily disqualifying in every case. The question is not simply answered by the fact of employment or the extent of her earnings. Rather, the answer turns on whether she was disabled within the meaning of the Act notwithstanding the fact that she actually did work.

*Id.,* 497 F.2d at 1100.

The ability to engage in substantial gainful activity contemplates that the plaintiff can " 'as a practical matter compete for, secure, and sustain employment'." *Flam v. Califano,* 469 F.Supp. 793, 795 (E.D. N.Y.1979), *quoting Mapp v. Secretary of HEW,* No. 78 C 2182 (E.D.N.Y. Oct. 27, 1978). That the claimant possesses the residual capacity to undertake some limited forms of work activity on a sporadic basis, even if evidenced by a demonstrated history of such activities, is not the equivalent of the ability to engage in substantial gainful activity. *Chicager v. Califano,* 574 F.2d 161, 164 (3d Cir. 1978); *Mitchell v. Weinberger,* 404 F.Supp. 1213, 1218 (D.Kan.1975). In the instant case this Court finds that the only reasonable view of the evidence is in harmony with the following conclusion suggested by the magistrate:

> The evidence adduced from the medical records here demonstrates the plaintiff is not able to engage in *competitive* employment, but the difficulty arises from the likewise clearly demonstrated fact that she has *never* been "competitively employed." It is obvious that "competitive" employment requires an ability to independently obtain gainful employment and remain so employed. It envisions work in which the plaintiff herself can secure the

employment (rather than through EN-COR or like agencies) and in which the work environment is of an "unsheltered" nature (again contrary to plaintiff's established work history).

Under the circumstances presented by the instant record as a whole, the Court discounts the fact of plaintiff's work history in determining whether she has succeeded in proving that she is disabled. There being no other substantial evidence supporting a finding that plaintiff can engage in substantial gainful activity, the Secretary's finding to that effect will be reversed. Accordingly,· a separate order will be entered herein remanding this case to the Secretary with directions to allow the plaintiff an appropriate period of disability.