**James D. DESEDARE, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 79–6050.**

United States District Court,
W. D. Arkansas,
Hot Springs Division.

Memorandum Opinion and Order
Oct. 1, 1980.

Opinion After Remand May 29, 1981.

Order Staying Remand to Agency Pending
Appeal July 28, 1981.

Edward E. Scrimshire, Malvern, Ark., for plaintiff.

Larry R. McCord, U. S. Atty., Fort Smith, Ark., for defendant.

OREN HARRIS, Senior District Judge.

This is an action for review of a final decision of the defendant, Secretary of Health, Education and Welfare for denying the claim of the plaintiff, James D. Dese-

dare, for disability benefits under the Social Security Act. Jurisdiction of this Court is established pursuant to 42 U.S.C. § 405(g).

Plaintiff filed an application for disability insurance benefits on January 8, 1978, alleging that he became unable to work on August 6, 1977, because of a back injury. The claim was denied initially and on reconsideration. A hearing was held before an ALJ who determined that plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Secretary when the Appeals Council approved the decision. From that decision comes this petition for review.

The limited role of the Court on judicial review under 42 U.S.C. § 405(g), is to determine whether there is substantial evidence to support the findings of the Secretary. If supported by substantial evidence, the findings are conclusive and must be affirmed. For purposes of the Social Security Act, substantial evidence is defined as more than a mere scintilla, which means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The ALJ found that although claimant was precluded from his former heavy work, he is not precluded from engaging in those sedentary, entry-level jobs as testified to by the vocational expert, all of which exist in significant numbers in the region in which claimant resides.

The claimant has the initial burden of establishing that he is unable to perform his past occupation due to the medically determinable impairment. However, when a claimant has established that a disability precludes him from performing his former work, the burden shifts to the Secretary to prove that there is some other type of substantial gainful employment that the claimant can perform. *Davis v. Califano*, 605 F.2d 1067 (8th Cir. 1979).

The ALJ concluded that plaintiff could not perform his former job. Thus, the burden shifted to the Secretary to establish by a preponderance of the evidence that there was work available in the national economy that plaintiff could perform in his disabled condition. The only evidence in the record to support the ALJ's finding that plaintiff could engage in substantial gainful activity is the testimony of the vocational expert. The Court has to conclude, after a review of the record, that vocational expert's testimony was fatally deficient because the hypothetical failed to precisely set out all of the claimant's impairments. *Behnen v. Califano*, 588 F.2d 252 (8th Cir. 1978); *Lewis v. Califano*, 574 F.2d 452 (8th Cir. 1978); *Daniels v. Mathews*, 567 F.2d 845 (8th Cir. 1977).

The Court finds that the vocational expert's answers to the ALJ's hypothetical questions were deficient and did not constitute substantial evidence on which the Secretary could base a denial of benefits and remands this cause to the Secretary for further consideration consistent with this opinion.

IT IS, THEREFORE, Ordered that this cause be and is hereby remanded to the Secretary of Health, Education and Welfare with directions that new and additional evidence be taken with reference to the application of the plaintiff, that the application be reconsidered in light of the entire record as supplemented, and that the new and reconsidered final decision of the Secretary, together with the supplemental record, shall be filed in this cause, as provided in 42 U.S.C. § 405(g). Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied, without prejudice to further appropriate motions.

### Opinion After Remand

This is an action for review of a final decision of the defendant, Secretary of Health, Education and Welfare, denying the claim of the plaintiff, James D. Desedare, for disability benefits under the Social Security Act. Jurisdiction of this Court is established pursuant to 42 U.S.C. § 405(g).

Plaintiff filed an application for disability insurance benefits on January 8, 1978, alleging that he became unable to work on

August 6, 1977, because of a back injury. The claim was denied initially and on reconsideration. After a hearing before an ALJ, the claim was again denied. The decision of the ALJ was affirmed by the Appeals Council and became the final decision of the Secretary.

A petition for review was filed with this Court and by Order dated September 29, 1980 the case was remanded for development of the evidence. Specifically, this Court instructed that the Secretary had failed to establish by a preponderance of the evidence that there was work available in the national economy that plaintiff could perform in his disabled condition. This Court stated the vocational expert's testimony was fatally deficient because the hypothetical question propounded to him failed to precisely set out all of the claimant's impairments. The Court noted this is required by the Eighth Circuit Court of Appeals.

Upon remand, a supplemental hearing was held. A vocational expert was called to testify. On January 14, 1981 the ALJ issued a recommended decision denying benefits to the claimant. This decision was adopted by the Appeals Council on March 19, 1981. From that decision comes this petition for review.

This Court is well aware of its limited role on judicial review. Under 42 U.S.C. § 405(g), this Court is to determine whether there is substantial evidence to support the findings of the Secretary. If supported by substantial evidence, the findings and conclusions must be affirmed. For purposes of the Social Security Act, substantial evidence is defined as more than a mere scintilla, which means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). This case, however, contains error which requires a second remand.

The ALJ found the claimant is unable to perform his past relevant work. It is well settled that when a claimant demonstrates the existence of an impairment that precludes him from returning to his former work, the burden shifts to the Secretary to demonstrate by a vocational expert the availability of jobs that suit claimant's qualifications and capabilities. *Voyles v. Harris*, 636 F.2d 228, 229 (8th Cir. 1980). On remand, the ALJ must call a vocational expert and pose to him a hypothetical question that precisely sets forth claimant's limitations and impairments so that a realistic evaluation of disability may be made. *Poe v. Harris*, 644 F.2d 721 at 722–723 (8th Cir., March 23, 1981); *Stephens v. Secretary of HEW*, 603 F.2d 36 (8th Cir. 1979).

The ALJ relied upon the medical vocational guidelines of the regulations in determining the claimant was not disabled. 20 C.F.R. Subpart P, App. 2 of Regulation No. 4 (1980). Although the medical-vocational guidelines "may serve as a guide in determining whether claimants are disabled within the meaning of the Social Security Act, ... they are not an adequate substitute for expert vocational testimony where the Secretary seeks to show the existence of jobs which claimant could perform." *Williams v. Harris*, 500 F.Supp. 214, 216 (W.D. N.C.1980). While the ALJ did call a vocational expert who testified as to the transferable skills of the claimant and the jobs which would utilize these skills, he at no time related these jobs to the claimant's impairment.

After a careful review of the record, the Court concludes the Secretary has failed to sustain the burden of proving that there is some other type of substantial gainful employment that the claimant can perform *in light of his impairments*. *Davis v. Califano*, 605 F.2d 1067 (8th Cir. 1979); *Lewis v. Califano*, 574 F.2d 452 (8th Cir. 1978).

IT IS, THEREFORE, ORDERED that this cause be and is hereby remanded to the Secretary of Health, Education and Welfare with directions that new and additional evidence be taken with reference to the application of the plaintiff, that the application be reconsidered in light of the entire record as supplemented, and that the new and reconsidered final decision of the Secretary, together with the supplemental record, shall be filed in this case, as provided in

42 U.S.C. § 405(g). Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied, without prejudice to further appropriate motions.

### ORDER STAYING REMAND TO AGENCY PENDING APPEAL

IT IS HEREBY ORDERED that remand to the defendant of the claim of the plaintiff in the above-captioned case is stayed pending resolution of defendant's appeal in the United States Court of Appeals for the Eighth Circuit.