**Dawn DRIGGINS, by her Guardian ad Litem Virgil S. Driggins, Appellant,**

**v.**

**Patricia R. HARRIS, Secretary-Designate, Department of Health, Education & Welfare, Appellee.**

**No. 80–2175.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 5, 1981.

Decided Aug. 17, 1981.

Rehearing Denied Sept. 11, 1981.

Peter V. Smilde, St. Paul, Minn., for appellant.

Steven J. Plotkin, Chicago, Ill., for appellee Department of Health and Human Services.

Thomas K. Berg, U. S. Atty., Mary Egan, Asst. U. S. Atty., Minneapolis, Minn., on brief for defendant-appellee; Donna Morros Weinstein, Regional Atty., DHHS, Chicago, Ill., of counsel.

Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Appellant Dawn Driggins, by her father and guardian Virgil S. Driggins, Sr., filed an application for Supplemental Security Income (SSI) on March 26, 1976. Dawn is a seventeen year old mentally retarded girl who lives with her parents in Cyrus, Minne-

---

sota. The Secretary determined that a disability was established in Dawn's case and awarded SSI effective March 26, 1976. When Dawn applied for SSI on March 26, 1976, her two brothers Daniel Driggins (then age 16) and Duane Driggins (then age 18) lived in the same household with Dawn and their parents.

In July of 1978, the Secretary determined that Dawn was no longer entitled to SSI. That conclusion was based solely on the fact, hotly disputed by appellant, that Daniel and Duane Driggins discontinued their residence in the Driggins' household sometime in July of 1978. This change of household circumstances caused the Secretary to reexamine whether Dawn was entitled to SSI. The Secretary, in making the reevaluation of eligibility determination, applied a "deeming of income" formula contained in a regulation[1] promulgated to help implement SSI payments authorized by 42 U.S.C. §§ 1381–1383. After applying the deeming of income formula, the Secretary concluded that Dawn was no longer entitled to SSI.

Dawn sought review of the Secretary's termination of SSI on November 13, 1978 and an Administrative Law Judge (ALJ) affirmed the benefits termination on December 4, 1978. The ALJ, solely on the basis of documentary evidence, found that Dawn's two brothers left the Driggins' household in approximately July of 1978 and concluded that, under 42 U.S.C. § 1382c(f)(2) and the formula contained in 20 C.F.R. § 416.1185 (1980), Dawn was no longer eligible for SSI. The Appeals Council approved the ALJ's decision on June 26, 1979.

Dawn then sought review of the Secretary's decision in federal district court. The case was referred to a United States Magistrate who, on September 4, 1980, concluded that the Secretary's decision was supported by substantial evidence and recommended that the termination decision be affirmed. The magistrate simply concluded that application of the income deeming formula (20 C.F.R. § 416.1185(b)) warranted termination of SSI payments.

Dawn filed objections to the magistrate's recommendation, but the district court summarily adopted that recommendation on October 30, 1980. Dawn filed a timely notice of appeal. For the reasons specified below, we vacate the Secretary's SSI termination decision and remand for further proceedings.

Appellant contends that the evidence did not reveal that her two brothers left the Driggins' household in July of 1978, and claims that the Secretary breached her duty to develop and consider fully all relevant facts. We agree, and therefore do not consider the other arguments appellant raises in this appeal.

The claimant has the burden of establishing the existence of a disability, but the ALJ has a duty to develop the facts fully and fairly, particularly when the claimant is not represented by counsel. *Veal v. Califano*, 610 F.2d 495, 498 (8th Cir. 1979). The ALJ's duty to fully and fairly develop the facts remains applicable even when the claimant is represented by counsel. *Thorne v. Califano*, 607 F.2d 218, 219–20 n.3 (8th Cir. 1979). However, claimant's counsel should be prepared to submit relevant information to the ALJ. *Id.* "Where the * * * [ALJ] has failed to fully and fairly develop the record [,] this court has required the Secretary to reopen the case 'until the evidence is sufficiently clear to make a fair determination * * *.' " *Thorne v. Califano, supra*, 607 F.2d at 220.

In this case, the ALJ concluded solely on the basis of documentary evidence and without taking testimony that Dawn's brothers left the Driggins' household in July of 1978. However, appellant asserts that the brothers did not leave the Driggins' household at that time. The ALJ did not discuss the reasons, and the evidence relied upon, for concluding that Daniel and Duane left the household in July of 1978. This factor is the sole reason the Secretary terminated Dawn's SSI and the present record simply does not support the ALJ's con-

---

1. 20 C.F.R. § 416.1185 (1980).

clusion. Therefore, we conclude that the ALJ failed to fully and fairly develop the relevant facts and we remand the case to the Secretary to determine the composition of the Driggins' household in July of 1978.[2] The Secretary is directed to consider any evidence the appellant may offer on this issue.

Remanded for proceedings consistent with this opinion.

2. Specifically, the Secretary should determine: (1) the dates, if any, Daniel and Duane moved out of the Driggins' household; and (2) the dates when, if at all, either or both returned to the household.