**Beverly MORETTI, Plaintiff-Appellant,**

**v.**

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant-Appellee.**

**No. 86–2520**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 26, 1986.

Peter F. Doyle, Jr., Port Arthur, Tex., plaintiff-appellant.

Marguerite Lokey, Dallas, Tex., Bob Wortham, U.S. Atty., Tyler, Tex., for defendant-appellee.

Before RUBIN, RANDALL and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Beverly Moretti appeals, on behalf of her son Chad, the district court's affirmance of the Secretary's denial of surviving child's benefits. Because substantial evidence supported the Secretary's decision, we affirm.

## I

Chad Moretti was born on October 15, 1970. His natural parents, Beverly and George Schutt, Sr., divorced on May 3, 1971. The divorce decree awarded care, custody, and control to Beverly Schutt and required George Schutt to pay $100 per month child support. Beverly then married Walter Moretti on June 27, 1973. George Schutt continued to pay child support regularly until May 1982. On June 11, 1982, the Domestic Relations Court for Jefferson County, Texas, terminated the parental rights and legal duty of support of George Schutt, changed the name of Beverly and George Schutt's son to Chad Moretti, and granted Walter Moretti's application to adopt Chad.

In March 1983, George Schutt died of accidental carbon monoxide poisoning. Beverly Moretti applied on behalf of her son, Chad, for surviving child's benefits. The Social Security Administration denied the application, and Beverly Moretti sought a hearing before an Administrative Law Judge. The ALJ concluded that Chad was not dependent on Schutt within the meaning of the Social Security Act. Therefore, Chad was not entitled to child's benefits. The Appeals Council denied Beverly Moretti's request for review. She then filed suit in the United States District Court for the Eastern District of Texas. The district court affirmed the Secretary's decision.

## II

Beverly Moretti claims the district court erred because the ALJ's ruling was not supported by substantial evidence. To qualify for surviving child's benefits, Chad Moretti must show, among other things, that he was dependent on George Schutt at the time of Schutt's death. 42 U.S.C. § 402(d)(1)(C). A child is not deemed dependent on his natural parent if the child has been adopted by another individual and the natural parent, at the time of his death,

was not living with or contributing to the support of the child.

 Beverly Moretti acknowledges that Mr. Moretti adopted Chad in June 1982, terminating Schutt's parental rights and legal duty to support Chad. Furthermore, Beverly Moretti concedes that Chad was not living with Schutt when Schutt died. Beverly Moretti contends, however, that Schutt, at the time of his death, was contributing to Chad's support. In defining the expression "contributions for support," the regulations state:

> Contributions must be made regularly and must be large enough to meet an important part of your ordinary living costs. Ordinary living costs are the costs for your food, shelter, routine medical care, and similar necessities. If the insured person only provides gifts or donations once in a while for special purposes, they will not be considered contributions for your support.

20 C.F.R. § 404.366(a)(2).

The ALJ determined that the payments Schutt made to Chad from May 1982 through March 1983 when Schutt died did not constitute an important part of Chad's ordinary living costs. To support this conclusion the ALJ noted that Schutt had given Mrs. Moretti approximately $600 in the ten months between the adoption and the date of his death. Also, he had given Chad a stereo, pool cue, and watch, worth approximately $300. The ALJ concluded that these payments and gifts did not constitute meaningful support. Indeed, the record indicated that Chad's adoptive father, Moretti, provided Chad's chief support, including food and maintenance.

We think this evidence provides ample support for the ALJ's ruling.

AFFIRMED.