James E. POERTNER, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

No. 83–2293C(B).

United States District Court, E.D. Missouri, E.D.

Dec. 12, 1986.

Larry Glenn, Fitzgibbons, Glenn & Barnett, St. Louis, Mo., for plaintiff.

Joseph Moore, Asst. U.S. Atty., St. Louis, Mo., for defendant.

### MEMORANDUM–OPINION

REGAN, District Judge.

James E. Poertner seeks judicial review of a final decision of the Secretary of Health and Human Services finding claimant eligible for disability insurance benefits and supplemental income benefits as of August 26, 1982, pursuant to § 205(g) of

the Social Security Act, 42 U.S.C. § 405(g). Otis R. Bowen succeeded Margaret M. Heckler as Secretary of Health and Human Services on December 13, 1985. Pursuant to Fed.R.Civ.P. 25(d)(1), Otis R. Bowen is substituted for Margaret M. Heckler as the defendant in this suit.

Claimant's original application for disability insurance benefits filed on August 17, 1982, alleges disability beginning December 31, 1980. This Court's order of September 27, 1984, remanded the case for further proceedings to consider the combined effects of claimant's impairments. As a result, a supplemental hearing was held before an administrative law judge (ALJ) on May 23, 1985. The ALJ rendered a favorable decision to the claimant, finding him disabled as of December 31, 1980, in his decision dated June 24, 1985. The appeals council, in its decision dated August 23, 1985, affirmed the ALJ's decision as to disability, but revised the date of its onset to August 26, 1982. The appeals council's decision, therefore, stands as the final decision of the Secretary. Both parties have filed cross motions for summary judgment.

The claimant was represented by counsel at the supplemental hearing held on May 23, 1985. Claimant testified that he is a resident of Allenton, Missouri. He stated that his most recent employment was at the B & P Service Station in 1980. Poertner described his other previous employment as a punch press operator at Baldor Electric and as an expeditor at a Ford dealership.

Claimant testified that his impairments and health problems included epilepsy, seizures, total blindness in his left eye, left hemiparesis, and a 50% hearing loss in his left ear (Tr. 163). Claimant has suffered from the hearing loss since 1956, but testified that there has been no deterioration. Claimant stated that he has trouble hearing someone who is sitting on his left side and, in addition, cannot discriminate from which direction a sound is coming (Tr. 164). The loss of claimant's eye occurred as the result of an accident with a bow and arrow at

the age of seven. In addition, claimant has lost peripheral vision in his left eye. Claimant testified that his hemiparesis is the result of an automobile accident which caused a closed head trauma (Tr. 165). The hemiparesis causes problems with the strength and control of claimant's left arm (Tr. 166). The hemiparesis also causes problems with the strength and coordination of claimant's left leg (Tr. 167). As a result, in claimant's normal walking pattern, he drags the left leg. He also sometimes loses his balance as a result (Tr. 168).

Claimant testified that he suffers from two different types of seizures. The first type results in a loss of consciousness. During those seizures, claimant will bite his tongue and lose urinary continence (Tr. 169). Claimant stated that he had had five of those types of seizures within the previous year. He stated that those seizures were not precipitated by any particular type of activity or event. After these seizures, claimant feels nervous, weak and must rest for the remainder of the day (Tr. 171). Claimant also stated that he suffers from a second type of seizure. During these seizures, claimant does not lose consciousness. However, he does begin to shake and feel very weak (Tr. 172). Prior to the onset of these seizures, claimant states that he can "feel them coming on." After these seizures, claimant states that he must rest for an hour or so. He testified that he has two to three of these types of seizures per month. He stated that there is no particular activity that can be associated with the onset of these seizures. Poertner stated that he is currently taking 400 milligrams of Dilantin under the prescription of the Veterans Administration in order to control his seizure disorder. He stated that he carries the medication with him (Tr. 173).

Poertner testified that he was forced to resign from his job at Long Ford due to his seizures. He also stated that he had to leave his job at B & P Service Station because of his seizures. In addition, claimant testified that he does not suffer from pain or headaches (Tr. 175).

A letter from Edward L. Eyerman, M.D., dated February 22, 1985, was received into evidence. Dr. Eyerman, a specialist in psychiatry and neurology, examined claimant at the request of the Social Security Administration. Eyerman reported that claimant clearly has a left hemiparesis and walks with a hemiparetic gait. He reported vague unsteadiness in claimant's tandum walking and definite weakness in the iliopsoas muscle. Dr. Eyerman stated that he believes claimant's left hemiparesis to be the result of a cerebral contusion and intercerebral hematoma on the right side. Eyerman concluded that claimant's seizures are not completely controlled by medication, but that claimant is capable of handling the activities of daily living. He stated that claimant is fully capable of managing his own funds (Tr. 186).

The medical evidence and testimony which were given and considered in the prior determination will not be repeated herein for the sake of brevity. This evidence has been considered by the Court, however, and incorporated by reference as if fully set out herein.

The ALJ, in his findings, stated that claimant has not engaged in substantial gainful activity since December 31, 1980. The ALJ stated that medical evidence established that claimant suffers from a severe seizure disorder, hearing loss on the left, loss of eyesight on the left and fatigue. He further found that claimant's complaints of uncontrolled seizures are substantiated by the medical evidence of record and are credible. Claimant is unable to perform his past relevant work as a punch press operator, filling station attendant and janitor, and his residual functional capacity for the full range of sedentary work is reduced by his seizure disorder. Therefore, the ALJ relied on § 404.1569 of Regulation 404 and § 416.969 of Regulation No. 16 in addition to Rule 201.12, Table No. 1, Appendix 2, Subpart P, Regulation 404 to direct a conclusion of disabled. The ALJ recommended that based on the application filed on August 14, 1982, the claimant was entitled to a period of disability beginning on December 31, 1980. How-

ever, the appeals council, in their decision dated August 23, 1985, amended the ALJ's finding to reflect that the claimant has been under a disability since August 26, 1982. Claimant has filed a motion for summary judgment seeking a reversal of the appeals council's decision changing the date of the onset of claimant's disability. The Secretary has filed a cross motion for summary judgment.

Judicial review of the Secretary's decision is limited. The decision must be upheld if there is substantial evidence on the whole to support it. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Timmerman v. Weinberger,* 510 F.2d 439 (8th Cir.1975). The findings of fact of the ALJ are conclusive if supported by substantial evidence on the record as a whole. *Nettles v. Schweiker,* 714 F.2d 833 (8th Cir.1983). Review under this standard, however, is more than a rubber stamp for the Secretary's decision or a search for the existence of evidence supporting the findings. *McMillian v. Schweiker,* 697 F.2d 215 (8th Cir.1983).

The question then becomes whether or not the appeals council's decision that claimant's disability began as of August 26, 1982 is supported by substantial evidence on the record. Substantial evidence as been defined as, "Such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. Labor Board,* 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938); *Lewis v. Califano,* 574 F.2d 452 (8th Cir. 1978); *Metcalf v. Heckler,* 800 F.2d 793 (8th Cir.1986). Substantial evidence is "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Consolo v. Federal Maritime Commission,* 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966); *Metcalf v. Heckler, supra.*

In this case, the appeals council does not agree with the ALJ's finding of disability

beginning December 31, 1980, due to a lack of medical documentation to substantiate the allegation. Claimant alleges that there is no medical evidence available prior to 1982 (Exhibit No. 14). The appeals council dates their finding to disability beginning August 26, 1982, due to the coinciding of the earliest objective medical evidence on the record, which is a report from Dr. Eugene Adelmann, a neurologist. Dr. Adelmann's report substantiates claimant's allegations of seizures poorly controlled by medication and loss of hearing, blindness and significant gait disorder on the left side.

Therefore, the Court finds that there is substantial evidence on the record to support the decision of the appeals council that claimant was disabled as of August 26, 1982.

A hearing on plaintiff's motion for attorney's fees will be scheduled before the Court at a later date.

Accordingly, it is the finding of the District Court that the Secretary's motion for summary judgment be and is granted.

An appropriate order shall issue.