**Mardi STEURER, Now by Order of Court Mardi Manticas and Mardi Steurer Now by Order of Court Manticas for Jason N. Steurer, Appellants,**

v.

**Otis R. BOWEN, Appellee.**

No. 86–2294.

United States Court of Appeals,
Eighth Circuit.

Submitted April 2, 1987.

Decided April 17, 1987.

Harrison Don King, Clayton, Mo., for appellants.

Joseph B. Moore, U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, ARNOLD and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

Mardi Steurer[1] appeals the district court's[2] order affirming the decision of the Secretary of Health and Human Services denying her claims for mother's insurance benefits and child's insurance benefits for her dependent child, based upon the earnings record of her deceased ex-husband, Walter W. Bernard, 644 F.Supp. 701. We affirm.

## I. FACTS.

This case arises out of Steurer's attempts to collect Social Security benefits based on her ex-husband's earnings record. Specifically, Steurer asserted that her child was a dependent of her ex-husband, and was, therefore, entitled to child's insurance benefits under 42 U.S.C. § 402(d). The controversy below centered on whether her child was a dependent. Section 402(d)(1)(C) requires a showing of dependency, *inter alia,*

> (ii) if [the insured] has died, at the time of such death, or

> (iii) if [the insured] had a period of disability which continued until * * * the month of his death, at the beginning of such period of disability or at the time he became entitled to such benefits.

The following evidence was introduced regarding the child's dependency on his

---

1. According to her complaint, Ms. Steurer changed her name by "Order of Court" to "Manticas." For purposes of this opinion, however, she will be referred to as Steurer, the name under which she filed this case.

2. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

**1250**

natural father. Steurer married the insured deceased wage earner, Walter W. Bernard, in 1971, and a child, Jason Nicholas, was born to that marriage on May 28, 1972. Steurer and the insured were divorced in 1975, with Steurer retaining custody of Jason. In October 1978, Steurer married Joseph Steurer, who, in 1982, adopted Jason. Jason's last name was changed to Steurer. Jason's birth certificate was amended to list Joseph Steurer as his father.

At her hearing before the ALJ, Steurer, who was represented by counsel, testified that she alone was responsible for Jason's care and custody since his birth. She stated that at the time she divorced the insured, he "had a heavy drug history" but could not be sure whether disability from drugs or alcohol contributed to his death. According to Steurer, the insured—during the eight years following their divorce and prior to his death—sent "hardly anything" in terms of support, except birthday money for Jason in 1977 and "part of a plane ticket" at some point unspecified in time. Ultimately, Steurer admitted that Jason did not, in fact, depend upon the insured for his support.

Pursuant to Steurer's counsel's request, the ALJ left the record open to allow Mrs. Steurer the opportunity to specifically address the question of whether the insured was disabled by his alleged drug habit and, as a result of that disability, was incapable of supporting Jason. 42 U.S.C. § 402(d)(1)(C)(iii). Nothing in the record indicates that Steurer submitted any further evidence on this issue. In his decision, the ALJ stated that "there is no evidence to suggest that the insured * * * had a period of disability at any time * * *." Additionally, the ALJ found that the insured did not live with Jason or support Jason at any time prior to or including the time of death. In light of these findings, the ALJ concluded that Jason did not meet the dependency requirements of the Act and, therefore, neither he nor his mother was eligible to receive benefits based on the insured's earnings record.

The district court, based on the Magistrate's Report and Recommendation, affirmed the ALJ's decision. After reviewing the record, the court found that Jason was the insured's natural child and that at no point in time did he meet the dependency criteria set out in the Act or in the Social Security regulations. Furthermore, the court adopted the magistrate's recommended finding that Steurer "presented no medical or other competent evidence to substantiate that [the insured] was disabled even though her attorney acknowledged that such evidence was necessary and was given an opportunity to produce it after the hearing." Accordingly, the court held that substantial evidence supported the ALJ's decision and upheld the Secretary's denial of Steurer's claim for benefits.

On appeal, Steurer argues, apparently, that no substantial evidence existed to support the ALJ's conclusion.

## II. DISCUSSION.

In reviewing a denial of Social Security benefits, this court must determine whether substantial evidence on the record as a whole supports the Secretary's decision. 42 U.S.C. § 405(g) (1982); *Bastian v. Schweiker,* 712 F.2d 1278, 1280 (8th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Heckler,* 744 F.2d 1333, 1337 (8th Cir.1984).

Social Security regulations state that a natural child of an insured deceased wage earner is presumed dependent *unless* that child was legally adopted by someone else during the insured's lifetime. 20 C.F.R. § 404.361. Where a child is legally adopted by someone else during the insured's lifetime, however, the child will not be "deemed dependent on his natural parent [if] at the time of his death [the natural parent] was not living with or contributing to the support of the child." *Moretti v. Bowen,* 806 F.2d 1238, 1239–40 (5th Cir. 1986); 20 C.F.R. § 404.361.

Unquestionably, Jason is Bernard's (the insured's) natural child, and Bernard died fully insured. However, substantial

evidence exists in the record to support the ALJ's determination that Jason did not meet the dependency requirements set out in the Act or the regulations interpreting the statute. By her own statements, Steurer admits that Jason received virtually no support from his natural father during the course of the insured's lifetime. Additionally, in the absence of any competent evidence on the question of the insured's alleged drug addiction, the ALJ reasonably concluded that Jason's natural father did not have any period of disability pertinent to Steurer's proceedings. Finally, in directing Steurer's attention to the lack of evidence concerning the insured's alleged drug problems and allowing her time to supplement the record, the ALJ fulfilled his duty to fully develop the record. *See, e.g., Thorne v. Califano*, 607 F.2d 218, 219–20 (8th Cir.1979).

Accordingly, we affirm the district court's order and the ALJ's decision dismissing Steurer's claims for mother's insurance benefits and child's insurance benefits.