**Darlene F. BROWN, Appellant,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Appellee.**

No. 93–1956.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1993.

Decided Jan. 25, 1994.

William Kaszynski, St. Paul, MN, argued, for appellant.

Michael Messer, Chicago, IL, argued (Eric Schnaufer, on the brief), for appellee.

Before JOHN R. GIBSON and MORRIS SHEPPARD ARNOLD, Circuit Judges, and BARTLETT,* District Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Darlene Brown left her job at Kemper Insurance Company in October, 1989. Two months later, she applied for social security disability benefits, *see* 42 U.S.C. § 423(a)(1), stating that she had become unable to work because of environmental illness caused by hypersensitivity to common chemicals. After initial denials in early 1990 and a subsequent hearing before an administrative law judge in late 1990, her application was again denied by the administrative law judge. *See* 42 U.S.C. § 405(b); *see also* 20 C.F.R. §§ 404.-900–404.913, §§ 404.929–404.955. The Appeals Council of the Social Security Administration denied further review in late 1991. *See* 20 C.F.R. §§ 404.967–404.981.

Ms. Brown filed in federal district court for judicial review of the administrative actions. *See* 42 U.S.C. § 405(g). On cross-motions for summary judgment, a magistrate judge recommended summary judgment for the government. The district court adopted that recommendation in March, 1993, and granted summary judgment to the government. Ms. Brown appeals the order of the district court.[1] We affirm.

## I.

Under the relevant statute, "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.-1505(a). "[A] 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinic and laboratory diagnostic techniques." *See* 42 U.S.C. § 423(d)(3); *see also* 20 C.F.R. § 404.1508, § 404.1527(d)(2), § 404.1527(d)(3), § 404.-1528(b), § 404.1528(c), § 404.1529(a), § 404.-1529(b), § 404.1529(c)(2). "An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability ... there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment." *See* 42 U.S.C. § 423(d)(5)(A); *see also* 20 C.F.R. § 404.1508, § 404.1512(b)(1), § 404.1527(a)(1), § 404.1528, § 404.1529(a), § 404.1529(b), § 404.1529(c)(2).

There is a "five-step sequential evaluation process for determining whether a person is disabled.... [If the claimant is not currently engaged in substantial gainful activity], the decisionmaker ... determines whether the claimant has a medically severe impairment or combination of impairments.... [If the claimant has a severe impairment], the evaluation ... determines whether the impairment is equivalent to one of a number of listed impairments that [are considered as a matter of law to be] so severe as to preclude substantial gainful activity.... If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to ... determine[ ] whether the impairment prevents the claimant from performing work [s]he has performed in the past.... If the claimant cannot perform this work, the [last] step of the process determines whether [the claimant] is able to perform other work in the national economy in view of [her] age, education, and work experience. The claimant is entitled to disability benefits only if [s]he is not able to perform other work." *Bowen v. Yuckert,* 482 U.S. 137, 140–42, 107 S.Ct. 2287, 2291, 96 L.Ed.2d 119 (1987); *see also* 20 C.F.R.

---

* The HONORABLE D. BROOK BARTLETT, United States District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minneso-

ta, adopting the report and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota. *See* 28 U.S.C. § 636(b)(1)(B).

§ 404.1520(a), § 404.1520(c), § 404.1520(d), § 404.1520(e), § 404.1520(f)(1).

The claimant has "the burden ... of showing ... that [s]he has a medically severe impairment or combination of impairments, and ... that the impairment prevents [her] from performing [her] past work." *Bowen v. Yuckert*, 482 U.S. at 146 n. 5, 107 S.Ct. at 2294 n. 5; *see also* 20 C.F.R. § 404.1512(a). Only if the "sequential evaluation process proceeds to the [last] step" does the government bear the burden of showing that "the claimant is able to perform work available in the national economy.... If the process ends at [an earlier step], the burden of proof never shifts" to the government. *Bowen v. Yuckert*, 482 U.S. at 146–47 n. 5, 107 S.Ct. at 2294 n. 5.

In ruling that Ms. Brown was not disabled, the administrative law judge made three critical findings under the scheme described above. First, he found that the evidence presented by Ms. Brown with respect to her diagnosis of environmental illness was not based on "medically acceptable clinical and laboratory diagnostic techniques," *see* 42 U.S.C. § 423(d)(3), and therefore that environmental illness was not a "medically determinable" impairment, *see* 42 U.S.C. § 423(d)(1)(A). Second, he found that the only severe impairment suffered by Ms. Brown that *was* based on "medically acceptable clinical and laboratory diagnostic techniques," *see* 42 U.S.C. § 423(d)(3), was her allergy to various molds. Finally, he found that even assuming that Ms. Brown's severe allergy to various molds prevented her from doing the same type of work as she had done in the past, she still had the capability of doing certain other types of work that are available in the national economy.

The magistrate judge, and then the district court, held that there was substantial evidence "on the record as a whole" to support each of the findings of the administrative law judge. *Ghant v. Bowen*, 930 F.2d 633, 637 (8th Cir.1991); *see also* 42 U.S.C. § 405(g). We use the same standard for our review.

## II.

Two of Ms. Brown's treating physicians diagnosed her as having environmental illness. On appeal, Ms. Brown contends that the administrative law judge improperly disregarded the opinions of those doctors and thus gave inappropriate weight to the opinions of two nontreating physicians—one to whom she had been sent by her employer, the other the medical expert who testified at the hearing at the administrative law judge's request. *See, e.g., Totz v. Sullivan*, 961 F.2d 727, 730 (8th Cir.1992), and *Thompson v. Bowen*, 850 F.2d 346, 349 (8th Cir.1988). The essence of her challenge to the administrative law judge's findings, therefore, relates to his rejection of the diagnostic techniques used by Ms. Brown's treating doctors to arrive at their conclusion that she suffers from environmental illness.

Under both the statute and the applicable regulations, the clinical and laboratory techniques used to arrive at a diagnosis must be "medically acceptable." *See* 42 U.S.C. § 423(d)(3), § 423(d)(5)(A), and 20 C.F.R. § 404.1508, § 404.1527(a)(1), § 404.1527(d)(2), § 404.1528(b), § 404.1528(c), § 404.1529(b), § 404.1529(c)(2). The medical expert who appeared at the hearing, a specialist in adult allergic disorders, testified that "there is divided opinion in medicine" about the diagnosis of environmental illness. He further testified that "[i]t has not been proven ... that environmental illness does exist" and that the techniques offered to support such a diagnosis have not been validated by "the scientific method of experimentation," *i.e.*, double-blind studies (where neither the doctor nor the patient knows whether the substance tested is the alleged allergen or a harmless placebo).

The medical expert specifically referred to the techniques of putting drops of various substances under the tongue or injecting them and then recording reactions of the patient that are not visually observable but are reported by the patient to the doctor (such as dizziness, headache, weakness in limbs). Those techniques were the basis for the opinions of Ms. Brown's treating physicians. The medical expert also offered an article from the *New England Journal of Medicine* describing a double-blind study of injected substances alleged to cause symptoms of environmental illness. That study

stated that the "responses of the patients to the active and control [placebo] injections were indistinguishable" and concluded that "this type of testing ... appears to lack scientific validity."

Ms. Brown offered no evidence to refute the medical expert's testimony or the article offered in support of it, either to the administrative law judge or to the Appeals Council. We therefore agree that there is substantial evidence on the record as a whole to support the administrative law judge's finding that the evidence presented by Ms. Brown with respect to her diagnosis of environmental illness was not based on "medically acceptable clinical and laboratory diagnostic techniques," *see* 42 U.S.C. § 423(d)(3), and therefore that environmental illness was not, in this case, a "medically determinable" impairment, *see* 42 U.S.C. § 423(d)(1)(A). *See also Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1208–09 (6th Cir.1988) (trial court properly excluded testimony of doctors offered as expert witnesses, since diagnostic techniques used as the basis for their conclusions had not been validated by scientific experimentation).

The primary authority cited by Ms. Brown, *Kouril v. Bowen*, 912 F.2d 971 (8th Cir.1990), is not on point. In that case, the court stated that the claimant's symptoms included "various skin rashes and sores." *Id.* at 973. Ms. Brown offered no evidence to that effect with respect to environmental illness. The court in *Kouril* also noted that "[t]here is no dispute that [the claimant's] sensitivity to noxious chemicals ... and her sensitivity to common chemicals and substances ... stem from her work." *Id.* In the case before us, that conclusion is disputed. The basis for remand in *Kouril* was that the administrative law judge had ignored "uncontroverted testimony" and had substituted "his own observations" for the medical reports offered, *id.* at 974 (and, accordingly, had never progressed to an analysis of whether the claimant could do any work at all that was available in the national economy, *id.* at 976). In Ms. Brown's case, the testimony and reports are conflicting.

### III.

Using diagnostic techniques that the administrative law judge considered "medically acceptable," *see* 42 U.S.C. § 423(d)(3), several doctors determined that Ms. Brown was allergic to various molds. The administrative law judge found that even with that allergy, she could still perform some of the same kinds of work as she had done in the past. In the alternative, however, the administrative law judge found that even assuming that Ms. Brown's allergy to various molds would prevent her from doing any of the types of work that she had done in the past, the government had met its burden of proving that other work existed in the national economy that she could perform, specifically, production work in industries with highly filtered environments ("clean rooms"), such as the manufacture of computers and medical equipment.

On appeal, Ms. Brown challenges those findings on several grounds. We have considered all of the arguments made and have reviewed the exhibits and transcripts submitted. There is substantial evidence on the record as a whole to support the administrative law judge's findings.

### IV.

For the reasons stated, we affirm the judgment of the district court.