# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1952

_____

Joyce Elaine Chapman,       *
          *
      Appellant,      *
          *   Appeal from the United States
      v.           *   District Court for the
          *   Southern District of Iowa.
Jo Anne B. Barnhart, Commissioner   *     [UNPUBLISHED]
of Social Security,       *
          *
      Appellee.       *

_____

Submitted:   December 19, 2003

Filed:    January 5, 2004
_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Joyce Elaine Chapman appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. Having carefully reviewed the record, see Mittlestedt v. Apfel, 204 F.3d 847, 850-51 (8th Cir. 2000) (standard of review), we affirm.

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

In her January 1996 applications, Chapman alleged disability from chemical allergies, a heart-valve problem, and other conditions. At a hearing an administrative law judge (ALJ) posed a hypothetical to a vocational expert (VE) based on his determination of Chapman's residual functional capacity (RFC). The VE responded that the hypothetical claimant could perform Chapman's past telephone-survey job, as well as the sedentary unskilled jobs of library aide, small-products assembler, addressor, and telephone-quotation or mail clerk. The ALJ then determined that Chapman could perform her past job as a survey worker or telephone solicitor, and thus she was not disabled.

We reject Chapman's challenge to the ALJ's credibility findings, as the ALJ cited multiple valid reasons for finding her not entirely credible. See Anderson v. Barnhart, 344 F.3d 809, 814 (8th Cir. 2003) (ALJ may discount subjective complaints where inconsistencies appear on record as whole). Most of Chapman's present explanations for the record inconsistencies upon which the ALJ relied to discredit her were offered at the hearing or in her pre-hearing reports. See id. ("touchstone" is that credibility is primarily for ALJ to determine).

Chapman suggests that the ALJ ignored the records of Dr. Richard Wilker, her primary treating physician, in favor of the opinion of his partner, Dr. James Mansour, who saw her only a few times. However, the ALJ was not required to summarize all of the medical records, see Wheeler v. Apfel, 224 F.3d 891, 895 n.3 (8th Cir. 2000), and more important, Dr. Wilker's records do not help Chapman. Most of the notations she references relate to her reports to Dr. Wilker, not to his findings; he only suspected fibromyalgia; and he does not state in his notes that he agreed with her decision to apply for disability. Further, even if Dr. Mansour was not Chapman's primary treating physician, his opinion was consistent with the findings of a consulting physician, an allergist, and treating cardiologists. Cf. Holmstrom v. Massanari, 270 F.3d 715, 720 (8th Cir. 2001) (treating physician's opinion will be

granted controlling weight if it is well supported by accepted diagnostic techniques, and consistent with other substantial evidence).

Chapman contends that the ALJ erred by discounting the opinion of Dr. George Kroker (an internist who is board certified in environmental medicine) as to the limitations imposed by her allergies. We disagree. At the time of the ALJ's decision Chapman had seen Dr. Kroker only twice; and as the ALJ noted, Chapman's reported symptoms were entirely subjective, and Dr. Kroker's opinion conflicted with that of the allergist. See Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir. 2001) (ALJ may reject opinion of any medical expert, where it is inconsistent with record as whole; it is ALJ's function to resolve conflicts); Holmstrom, 270 F.3d at 720-21 (ALJ properly discounted treating physicians' opinions as to claimant's RFC, in part because they were based on relatively short-term treating relationships). Dr. Kroker himself stated that the tests upon which he relied were not well accepted in the medical community. See Brown v. Shalala, 15 F.3d 97, 99-100 (8th Cir. 1994) (discussing such tests, and noting that environmental-illness diagnosis must be based on medically acceptable diagnostic techniques).

Finally, Chapman complains that the ALJ's RFC findings did not take into account her severe reactions to only small amounts of allergens. Because we conclude that the ALJ properly discredited Chapman and properly discounted Dr. Kroker's opinion as to her RFC, we find that the RFC findings--which were consistent with the RFC opinions of other physicians--were supported by substantial evidence. See Pearsall, 274 F.3d at 1217-18 (it is ALJ's responsibility to determine RFC based on medical records, observations of treating physicians and others, and claimant's own description of her limitations).

Chapman's remaining arguments provide no basis for reversal. Accordingly, the judgment is affirmed.

_____