Lori S. SAVANNAH, Plaintiff—Appellant,

v.

Michael J. ASTRUE,* Commissioner of the Social Security Administration, Defendant—Appellee.

No. 06–35066.

United States Court of Appeals, Ninth Circuit.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of

Submitted Oct. 15, 2007.**
Filed Oct. 25, 2007.

Victoria Blais Chhagan, Esq., Law Offices, Seattle, WA, for Plaintiff–Appellant.

the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David J. Burdett, Esq., Johanna Vanderlee, Social Security Administration, Office of the General Counsel, Brian C. Kipnis, Esq., Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: CUDAHY \*\*\*, REINHARDT, and PAEZ, Circuit Judges.

MEMORANDUM \*\*\*\*

Lori Savannah appeals the district court's judgment affirming the Administrative Law Judge's ("ALJ") decision denying her application for disability benefits. We hold that the ALJ erred in determining that selective mutism is not a "medically determinable impairment" and remand for a determination as to whether Savannah actually suffers from the disorder and, if so, whether her impairment is severe for the purposes of 20 C.F.R. § 416.920(a)(4)(ii).

■ Selective mutism is a recognized mental disorder listed in the Diagnostic and Statistical Manual of Mental Disorders ("DSM–IV"). The Commissioner does not argue that the DSM–IV criteria for diagnosing selective mutism are in dispute or are not accepted by the medical community. *Compare Brown v. Shalala,* 15 F.3d 97, 99–100 (8th Cir.1994) (upholding ALJ's determination that environmental illness was not a "medically determinable" impairment, where a medical expert offered unrefuted testimony that the techniques underlying the claimant's diagnosis were not "medically acceptable"). Thus, because selective mutism "can be shown by medically acceptable clinical ... diagnostic techniques," 20 C.F.R. § 416.908, it constitutes a "medically determinable ... impairment," 42 U.S.C. § 423(d)(3); 20 C.F.R. § 416.905(a), and the ALJ's conclusion to the contrary was erroneous.

■ To establish the impairment of selective mutism, Savannah was required to produce "medical evidence consisting of signs, symptoms, and laboratory findings, not only [a] statement of symptoms." 20 C.F.R. § 416.908. Savannah presented records showing that four examining doctors—two psychiatrists and two psychologists—had diagnosed her with selective mutism. Diagnosis by a medical expert constitutes objective medical evidence of an impairment. *See Ukolov v. Barnhart,* 420 F.3d 1002, 1006 (9th Cir.2005) (holding that claimant had failed to meet his burden of establishing disability where none of the medical opinions he presented included a diagnosis or a finding of impairment); *Rodriguez v. Bowen,* 876 F.2d 759, 762 (9th Cir.1989) ("Disability may be proved by medically-acceptable clinical diagnoses, as well as by objective laboratory findings." (quoting *Day v. Weinberger,* 522 F.2d 1154, 1156 (9th Cir.1975))) (internal quotation marks omitted); *cf. Cox v. Apfel,* 160 F.3d 1203, 1207 (8th Cir.1998) ("Depression, diagnosed by a medical professional, is objective medical evidence of pain to the same extent as an X-ray film.").

■ These four examining doctors' diagnoses were contradicted by the opinion of one state agency psychiatrist who, after reviewing Savannah's administrative record, concluded that Savannah's mutism is "not a psychiatric disorder." Consequently, in order to reject the four examining sources' diagnoses, the ALJ was required

\*\*\* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to give "specific, legitimate reasons ... based on substantial evidence in the record." *Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995). The ALJ's explanation that Savannah speaks in some situations but not others and that she "uttered entirely intelligible words without apparent difficulty" is not a legitimate reason. The "essential feature of Selective Mutism is the persistent failure to speak in specific social situations ..., despite speaking in other situations." DSM–IV § 313.23. That Savannah spoke in some instances—with some doctors, and with family and friends—is therefore entirely consistent with a diagnosis of selective mutism. Indeed, all four of the examining doctors who diagnosed Savannah with selective mutism recognized that she is physiologically capable of speaking but simply does not do so in certain social situations.

We remand to the ALJ for a determination whether Savannah has met her burden of establishing that she suffers from the "medically determinable impairment" of selective mutism, taking into account the nonphysiological nature of the disorder. Because the ALJ's decision to disregard two examining doctors' (Drs. Bennett and Glisky) opinions regarding Savannah's functioning and ability to interact with people was based on a misunderstanding of the nature of selective mutism, the ALJ should reevaluate those medical opinions in light of this disposition. *See Benecke v. Barnhart,* 379 F.3d 587, 594 (9th Cir.2004) (holding that the ALJ erred in discounting the opinions of claimant's treating physicians based on his "misunderstanding of fibromyalgia"). If the ALJ determines on remand that Savannah is severely impaired by selective mutism, he should reassess Savannah's residual functional capacity in light of that finding.

* The panel unanimously finds this case suitable for decision without oral argument. *See Fed.*

**REVERSED and REMANDED** for further proceedings.