**Jeanette M. BEHNEN, Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellee.**

**No. 78–1129.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1978.

Decided Dec. 8, 1978.

---

Jerome J. Duff and James E. Heckel, St. Louis, Mo., for appellant.

Robert D. Kingsland, U. S. Atty., and Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON, Chief Judge, and ROSS and HENLEY, Circuit Judges.

ROSS, Circuit Judge.

Jeanette Behnen appeals from an order of the district court [1] sustaining the decision of the Secretary of Health, Education and Welfare denying her claim for social security disability insurance and supplemental security income benefits. We reverse and remand for further proceedings.

## I.

Appellant was born on June 19, 1933, and has a tenth grade education. Her previous employment includes labeling, packing, assembly and inspection work, operating machinery in a factory and serving as an x-ray aide in a hospital. For one month she tried telephone solicitation work but had to discontinue this job because of back pain.

In 1971, Ms. Behnen sustained a whiplash injury in an automobile accident. She was hospitalized in 1973 and 1974 for back sprains incurred while lifting patients in her job as an x-ray aide. At the hearing, Ms. Behnen complained of constant pain radiating down her legs to her toes, intermittent pain in her arms and neck, tenderness and soreness in her hips, weakness in her legs, and headaches. She takes mild pain killers, spends entire days in bed and relies on her mother for help with housework. At the time of the hearing, Ms. Behnen weighed 210 pounds. Her height is 5 feet 4½ inches. She testified that she has been unable to work since 1974.

The medical evidence includes reports from Dr. J. Otto Lottes and Dr. Anver

---

1. The Honorable Roy W. Harper, Senior District Judge, United States District Court for the Eastern District of Missouri.

Tayob, orthopedic surgeons, Dr. Eli R. Shuter, a neurologist, and Dr. Walter L. Moore, a neurologist and psychiatrist. All of the physicians recounted appellant's complaints of back pain and submitted their clinical findings.

Dr. Lottes, who has treated Ms. Behnen since 1973, diagnosed her condition as low back derangement, cervical syndrome, and recommended conservative treatment with heat, traction and massage to the neck and back. He concluded that appellant "is unable to return to her former employment but can work in a limited manner, particularly of a sedentary nature."

Dr. Tayob's examination of appellant revealed that "[t]he ranges of motion in four extremities are essentially within normal limits and the muscle power also is essentially normal. There is some tenderness to percussion in her lower lumbar spine. Deep tendon reflexes are intact and normal. There is considerable amount of functional overlay. * * * Degenerative changes are minimal." He recommended weight reduction and a lumbosacral corset and concluded that "[f]rom an orthopedic standpoint her disability if any is minimal."

Dr. Shuter diagnosed Ms. Behnen's condition as "severe chronic strain of the lumbar spine with possible herniated lumbar intervertebral [sic] disc," precluding "activities requiring bending, lifting, standing and prolonged sitting." He estimated a total permanent partial disability of 45 percent.

Neurologically, Dr. Moore found no evidence of organic disease. He diagnosed appellant's physical impairment as severe lumbosacral strain and obesity. In addition, he found Ms. Behnen tense, anxious, apprehensive and depressed, and diagnosed a mental or psychological impairment of "[p]sychoneurosis, mixed type with anxiety and depression and conversion symptoms predominating." Dr. Moore concluded that at the time of his examination appellant was "totally unable to be gainfully employed and the prognosis for improvement is guarded to poor."

Dr. Moore's opinion is uncontradicted in the record,[2] as none of the other physicians conducted psychiatric examinations. While the hearing examiner included the diagnosis of "psychoneurosis" in his findings, he entirely disregarded the evidence concerning Ms. Behnen's mental or psychological impairment in framing his questions to the vocational expert, Dr. Samuel Bernstein.[3]

## II.

■ The hearing examiner need not adopt the opinion of a physician on the ultimate issue of a claimant's ability to engage in substantial gainful employment. *Allen v. Weinberger,* 552 F.2d 781, 785 (7th Cir. 1977); 20 C.F.R. § 404.1526. However, he may not arbitrarily choose to ignore an uncontroverted medical diagnosis.[4] *Klug v. Weinberger,* 514 F.2d 423, 427 (8th Cir. 1975); *Hassler v. Weinberger,* 502 F.2d 172, 178 (7th Cir. 1974).

2. In fact the opinion of Dr. Tayob that appellant has a "considerable amount of functional overlay" and the testimony of appellant's mother that Ms. Behnen frequently appears depressed and cries a lot lend support to Dr. Moore's diagnosis.

3. In response to a hypothetical question incorporating the evidence concerning appellant's pain and inability to sit or move around for extended periods, Dr. Bernstein testified that she was virtually unemployable. When asked to assume that appellant was capable of sedentary work, Dr. Bernstein testified that she could perform checking, examining, assembly and inspection work in the paper, shoe, box, electronics and pencil industries.

4. The examiner concluded on the basis of appellant's demeanor at the hearing and the absence of evidence that she has received any psychiatric treatment, that Ms. Behnen's psychological impairment is not so severe as to preclude her from engaging in substantial gainful employment. However, even if the examiner could properly conclude on the basis of such evidence that appellant's mental state does not disable her from employment, he could not, in light of Dr. Moore's report, deny the existence of a psychological impairment. *Allen v. Weinberger,* 552 F.2d 781, 785 (7th Cir. 1977). Therefore, he could not properly omit the uncontroverted diagnosis of psychoneurosis, anxiety, depression and conversion symptoms in describing to the vocational expert the limitations on Ms. Behnen's ability to function.

When framing hypothetical questions to a vocational expert, the examiner must comprehensively describe the mental and physical limitations on the claimant's ability to function, so that the vocational expert may accurately assess whether jobs exist for a person with those restrictions. We have previously ruled that "the failure to relate all claimed impairments within the scope of a propounded hypothetical can render it deficient. * * * Evidence as to claimant's impairments must be considered as a whole and cannot be fragmented so as to diminish their combined impact." *Lewis v. Califano,* 574 F.2d 452, 456 (8th Cir. 1978).

In *Daniels v. Mathews,* 567 F.2d 845, 848 (8th Cir. 1977), we stated that

[w]e think it fundamental, when the ALJ uses a hypothetical question in examining the vocational expert that the ALJ relate with precision the job capacity and opportunity to the physical and mental impairment of the particular claimant. Here the examiner has not even informed the expert of [the claimant's] basic medical diagnosis; more importantly, he has not described how her mental impairments affect her ability to function.

Furthermore, the examiner must consider the combined effect of a claimant's physical and psychological impairments. *Dressel v. Califano,* 558 F.2d 504, 508–09 (8th Cir. 1977).

We do not believe that a medical report * * * which considers claimant's physical impairments only, is substantial evidence for the finding that a claimant who is found to suffer from both physical and psychological impairments can perform

sedentary work. A claimant's illnesses must be considered in combination and must not be fragmentized in evaluating their effects. * * * The fact that each illness standing alone may not be disabling is not conclusive on the question of whether the individual is disabled. * * * Of particular significance in a case involving both physical and psychological impairments is the medically demonstrable operation of the mental-psychological impairments on the claimant's general physical condition and the resultant effect on his ability to engage in significant gainful activity.

*Id.* at 508.

Therefore, we hold that the absence of any reference to any degree of psychiatric disorder [5] in the hypothetical questions put to the vocational expert renders the questions deficient and requires that we remand this case to the Secretary of Health, Education and Welfare for additional proceedings. On remand, the Secretary shall determine the effect of appellant's psychological condition on her ability to work and the effect of her mental and physical impairments in combination. The Secretary may take additional evidence concerning the severity of appellant's psychological impairment in order to determine these questions.

Reversed and remanded for additional proceedings consistent with this opinion.

---

5. The district court expressed concern about Dr. Moore's diagnosis, stating:

We find ourself seriously concerned about Dr. Moore's report on claimant's medical condition. He unqualifiedly states that claimant is unable to work in her present mental state. We recognize that impairments, both physical and mental, must be considered together in evaluating a disability claim. It is clear that a single expert's opinion on the ultimate question of the extent of disability is not binding on the Secretary. However, it is equally clear that a finding

contrary to uncontroverted expert opinion will not stand. *Berven v. Gardner,* 414 F.2d 857, 861 (8th Cir. 1969).

However, the court concluded that "the opinions of Drs. Lottes, Tayob and Shuter, the latter a neurological specialist, overcome the findings of Dr. Moore." We disagree. The reports of these doctors, other than Dr. Tayob's reference to appellant's "considerable * * * functional overlay," do not address appellant's psychological condition and do not contradict Dr. Moore's conclusions.