**Tony Ray SMITH, Appellant,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Appellee.**

No. 93–3490.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1994.

Decided Aug. 9, 1994.

E. Gregory Wallace, Charlottesville, VA, argued (Anthony W. Bartels, Jonesboro, AR, on the brief) for appellant.

Pamela M. Wood, Dallas, TX, argued (Paula J. Casey, Gayla Fuller, Charlene M. Seifert and Pamela M. Wood, on the brief), for appellee.

Before LOKEN, Circuit Judge, and ROSS and JOHN R. GIBSON, Senior Circuit Judges.

ROSS, Senior Circuit Judge.

Appellant Tony Ray Smith filed a claim for disability insurance benefits and supplemental security income, alleging an inability to work since October 19, 1990, due to a mental impairment. The Secretary concluded that Smith was not disabled within the meaning of the Social Security Act (the Act) and accordingly denied benefits. The district court subsequently affirmed that decision. Smith now challenges the Secretary's finding of no disability, arguing that the conclusion was based on a defective hypothetical question that failed to take into account Smith's mental impairment. After a careful review of the record, briefs and arguments of the parties, we reverse.

Smith, who was 33 years old at the time of the benefits hearing, has been variously diagnosed as suffering from schizoaffective personality disorder, bipolar disorder, and obsessive-compulsive disorder. He has a high school education and has past relevant work experience as a carpenter's helper, factory worker, construction worker, chop saw operator and a lawn servicer.

The record showed that Smith has a history of a psychiatric hospitalization in October 1985, with irrational thinking and behavior. He was diagnosed with a schizoaffective disorder, responded well to treatment with medication, and exhibited no psychotic symptoms on discharge. Smith suffered a relapse of his psychotic disorder in March 1990, and was again hospitalized in an angry and agitated state. Psychiatric evaluation revealed anxiousness and intimidating behavior. His mood was slightly hypomanic and a history of polydrug abuse was noted. Smith has periodically discontinued the use of his medi-

cation because of the side affects he allegedly suffers.

■ Our standard of review on appeal is whether there is substantial evidence on the record as a whole to support the decision of the administrative law judge (ALJ). *Ghant v. Bowen,* 930 F.2d 633, 637 (8th Cir.1991); *see also* 42 U.S.C. § 405(g). Substantial evidence is defined to include such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ghant,* 930 F.2d at 637. If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

In the present case the ALJ found that Smith suffers from a "severe schizoaffective disorder," but has no exertional limitations. He concluded that Smith does not have the residual functional capacity to perform his past relevant work. Because of this determination, the burden shifted to the Secretary to show that there are other jobs in significant numbers in the economy which Smith can perform consistent with his medically determinable impairments, functional limitations, age, education and work experience. *See Cline v. Sullivan,* 939 F.2d 560, 564 (8th Cir.1991); 20 C.F.R. §§ 404.1520(f), 416.-920(f). The ALJ determined that, considering Smith's vocational profile and relying on the testimony of the vocational expert, Smith could be expected to make a vocational adjustment to work which exists in significant numbers in the economy. Accordingly, the ALJ determined Smith was not disabled within the meaning of the Act.

■ The ALJ's conclusion that jobs exist in the economy which Smith can be expected to perform was based in large part on the vocational expert's testimony in response to a hypothetical question posed by the ALJ. The expert was asked to consider whether jobs are available for an individual of Smith's age, education, vocational profile, and the residual functional capacity for "work which is unskilled in nature, consisting of no more than simple repetitive type tasks done under simple direct concrete supervision, where an interpersonal contact is also simple and direct." The vocational expert responded that there are a significant number of farm laborer jobs and unskilled assembly jobs available in the economy which Smith could perform. Smith now contends that the ALJ's hypothetical question was defective because it failed to include Smith's mental impairment.

■ It is well established that "[q]uestions posed to a vocational expert should 'precisely set out the claimant's particular physical and mental impairments.'" *Ledoux v. Schweiker,* 732 F.2d 1385, 1388 (8th Cir.1984) (quoting *Tennant v. Schweiker,* 682 F.2d 707, 711 (8th Cir.1982)); *Totz v. Sullivan,* 961 F.2d 727, 730 (8th Cir.1992). Unless the hypothetical question comprehensively describes the limitations on a claimant's ability to function, a vocational expert will be unable to accurately assess whether jobs do exist for the claimant. Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision. *Ekeland v. Bowen,* 899 F.2d 719, 722 (8th Cir.1990).

Although the ALJ concluded that Smith suffers from a "severe" mental disorder, the hypothetical question failed to include any reference to Smith's mental impairments. Because the hypothetical did not adequately present the full extent of Smith's impairments, the vocational expert's opinion cannot constitute substantial evidence to support a conclusion of no disability. It is important to note that when Smith's attorney subsequently asked the vocational expert to consider Smith's extreme nervousness, forgetfulness and adverse side effects from his medication, the vocational expert responded that under these circumstances "[Smith's] psychological condition would greatly reduce the likelihood that he would be able to maintain employment."

■ In light of the flawed hypothetical, the Secretary has not shown that Smith retains sufficient residual functional capacity to perform gainful activity. In fact, the expert's conclusion that Smith's psychological condition would significantly impact his ability to find employment, coupled with the overall record, clearly supports a finding of disability within the meaning of the Act. Ac-

cordingly, the judgment of the district court is reversed and the case is remanded to the Secretary with directions to grant benefits to the claimant.

LOKEN, Circuit Judge, concurring in part and dissenting in part.

I concur in the court's conclusion that the ALJ's hypothetical did not adequately describe for the vocational expert the nature and effects of Tony Ray Smith's severe mental impairment. The correct remedy when the administrative record is incomplete because the ALJ has asked a flawed hypothetical is to remand to the Secretary for further proceedings on the issue of the claimant's residual functional capacity to work. *See Totz v. Sullivan,* 961 F.2d 727, 730–31 (8th Cir.1992); *Stephens v. Secretary of H.E.W.,* 603 F.2d 36, 42 (8th Cir.1979); *Behnen v. Califano,* 588 F.2d 252, 255 (8th Cir.1978); *Lewis v. Califano,* 574 F.2d 452, 456 (8th Cir.1978). That is especially true in this case, where the record includes a post-hearing psychiatric report submitted by Smith to the Secretary's Appeals Council that concludes:

> At the present time, I feel that this man is functioning fairly well, that his medication is keeping his overt symptoms under control, and that he could indulge in gainful, productive activity to a limited degree. He has the residual functional capacity to perform gainful work at a menial level. I would recommend that he be referred to Vocational Rehabilitation.

I know of no case in which we have directed payment of benefits because the ALJ asked the vocational expert a flawed hypothetical. I dissent from that part of the court's order.