_____

No. 95-3208
_____

Shirley McGinnis,                  *
                                   *
          Appellant,               *    Appeal from the United States
                                   *    District Court for the
     v.                            *    Southern District of Iowa.
                                   *
Shirley S. Chater,                 *
Commissioner of Social Security,   *
                                   *
          Appellee.                *

_____

          Submitted:  January 12, 1996

             Filed:  January 26, 1996
_____

Before WOLLMAN, ROSS, and MURPHY, Circuit Judges.
_____

WOLLMAN, Circuit Judge.


     Shirley McGinnis appeals the district court's[1] order affirming
the denial of her application for Social Security disability
benefits.  Because the decision by the Administrative Law Judge
(ALJ) is supported by substantial evidence, we affirm.


                              **I.**


     McGinnis applied for disability benefits and for Supplemental
Security Income (SSI) benefits on September 2, 1992, and May 3,
1993, respectively, claiming that she had been unable to work since
September 2, 1989, due to migraine headaches.  Her applications
were denied initially and upon reconsideration by the Social
Security Administration.  A hearing was then held on June 9, 1994,

_____

     [1]The Honorable Charles R. Wolle, Chief Judge, United States
District Court for the Southern District of Iowa.

at which a vocational expert testified.  The ALJ subsequently denied McGinnis's claim for benefits, finding that she was not disabled under the Social Security Act and that she could perform her past relevant work skills such as scheduling, supervising, and assigning jobs.

The Appeals Council then denied McGinnis's request for review and the district court affirmed the decision of the ALJ.  McGinnis appeals, arguing that the ALJ's findings with respect to her functional restrictions were inconsistent.

## II.

We review the denial of Social Security benefits to determine whether the ALJ's decision is supported by substantial evidence on the record as a whole.  42  U.S.C. § 405(g); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).  Substantial evidence is that which a reasonable mind might accept as adequate to support the Secretary's conclusion.  Woolf, 3 F.3d at 1213 (citations omitted).

The ALJ followed the sequential five-step procedure prescribed in the regulations to determine whether McGinnis was disabled.  See C.F.R. §§ 404.1520, 416.920; Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993).  The ALJ concluded that the objective medical evidence failed to establish that McGinnis had a disability impairment under the regulations.  Having reviewed the record, we find there was ample evidence to support the ALJ's findings.

Although McGinnis was treated for headaches by various physicians from November 1991 through April 1993, the reports showed that her neurological examinations were normal.  Several CT scans were also performed on McGinnis, all of which were negative. In addition, an EEG performed in 1990 was normal.  Dr. C.O. Peterson's report also lends support to the ALJ's decision.  After examining McGinnis in September 1992, Dr. Peterson noted that she

-2-

was not restricted in any way; she was quite active; her ambulation was good; and it appeared that she was responding to treatment and that she would further improve in the future.

Noting that a claimant's case does not end solely because the objective medical evidence does not support a finding of a disability impairment, the ALJ next proceeded to discuss the factors set out in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted), to analyze McGinnis's subjective complaints of pain.

The ALJ found that McGinnis did suffer from "severe chronic headaches with associated nausea and vomiting."  However, he noted that the appropriate question was not whether McGinnis suffers any pain but instead whether the pain is so disabling as to prevent her from performing any type of work.  See Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987) (stating that the real issue is not whether claimant has pain but rather severity of pain).  The ALJ then proceeded to list his reasons for discounting McGinnis's complaints of disabling pain under the standards set out in Polaski.  First, he noted the lack of objective medical evidence to support her complaints.  See Matthews v. Bowen,  879 F.2d 422, 425 (8th Cir. 1989) (stating that medical evidence establishing minimal back problem was sufficient basis to discount claimant's complaints of disabling pain).  He further noted that McGinnis did not appear to have engaged in a regular medication regimen.  Instead, she simply went to the emergency room when her headaches became severe. He also pointed out that when McGinnis did take medication for her headaches she would get relief.

In support of his decision, the ALJ also noted that McGinnis's daily activities were inconsistent with her complaints of disabling pain.  See Loving v. Dep't of Health & Human Servs., 16 F.3d 967, 970-71 (8th Cir. 1994) (stating claimant's daily activities such as driving, visiting people, reading, and going to church were

inconsistent with claimant's testimony that he was disabled).  The ALJ found that on her good days McGinnis could "shop, attend church, stand, walk, dress herself, climb stairs, kneel, drive a car, carry light things, push things, reach for things, handle things, ride in a car, visit with other people, crawl, lift light things, pull things, see and hear satisfactorily, speak so that she can be understood, grip with her hand, squat, or write her name or a letter."  Additionally, McGinnis reported that she could perform all household tasks and attend all recreational and social activities, except when she had headaches.  Considering the fact that McGinnis could sometimes go for an entire month without a headache and on average suffers four migraine headaches per month, we find this evidence representative of her daily activities.  Furthermore, in a questionnaire submitted prior to the hearing, McGinnis herself stated that she could "sit or stand for a long time, walk a mile, and could in fact work an eight hour workday."

Despite the ALJ's detailed findings, McGinnis alleges that his decision was internally inconsistent with respect to her functional restrictions.  Specifically, she claims that the ALJ's statement that he found her testimony regarding her functional restrictions to be "essentially credible" contradicted his finding that her only functional restriction was to stay out of the sun.  McGinnis reads the ALJ's general statement too broadly.  Despite making this general statement in assessing her functional restrictions, the ALJ later clarified his remarks by finding that "[t]he claimant . . . has no functional physical exertional restrictions other than she should stay out of the sun."[2]  Even assuming that the ALJ's general statement that McGinnis's functional limitations were "essentially credible" was ambiguous, the ALJ specifically found that her subjective complaints of pain were not credible and supported these

_____

[2]The ALJ included this functional restriction in the questions posed to the vocational expert despite the fact that at the hearing McGinnis appeared to have a suntan.

-4-

findings with evidence contained in the record.  In any event, we have held that "[a]n arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where . . . the deficiency probably ha[s] no practical effect on the outcome of the case." Benskin, 830 F.2d at 883.

McGinnis also claims, in passing, that the ALJ failed to conclude that she suffered from chronic pelvic pain despite medical evidence to the contrary.  McGinnis inaccurately characterizes the ALJ's decision.  The ALJ did note that McGinnis had chronic pelvic pain in 1989 and consequently underwent exploratory surgery.  The ALJ referred to doctors' reports, however, indicating that McGinnis's pelvic pain had decreased following the surgery and that normal pelvic mobility had been restored.  Even considering additional evidence relating to McGinnis's pelvic pain offered post-hearing, we find that the ALJ's decision is supported by substantial evidence.  Nowhere does McGinnis claim that she is unable to work or restricted in any way because of pelvic pain.  Nor does she claim that her pelvic pain is a disabling condition entitling her to benefits.  McGinnis herself states in her brief that her "claim for disability is based on chronic severe migraine headaches."  Thus, we conclude that this claim is meritless.

We conclude that there was substantial evidence to support the ALJ's finding that McGinnis's headaches were not so severe as to preclude her from performing any type of work.  See Woolf, 3 F.3d at 1214.  Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-