_____

No. 95-3709
_____

Lisa Burnett, for Priscilla          *
Rogers,                              *
                                     *
          Appellant,                 *
                                     *   Appeal from the United States
     v.                              *   District Court for the
                                     *   Eastern District of Arkansas.
Shirley S. Chater, Commissioner      *
of the Social Security               *          [UNPUBLISHED]
Administration,                      *
                                     *
          Appellee.                  *


_____

          Submitted: April 11, 1996

             Filed: July 9, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, BOWMAN and WOLLMAN, Circuit Judges.
_____

PER CURIAM.


     Lisa Burnett filed a claim for social security benefits for her minor
daughter, Priscilla Rogers, alleging that Rogers was disabled because of
a left-eye impairment.  The claim initially was denied by the Commissioner.
Burnett sought reconsideration of the decision, and an administrative law
judge (ALJ) twice denied the claim.  The appeals council affirmed the ALJ's
second decision to deny the claim.  Burnett sought judicial review, and the
District Court[1] affirmed the decision to deny benefits in its grant of

_____

     [1]The Honorable Henry L. Jones, Jr., United States Magistrate
Judge for the Eastern District of Arkansas, to whom this case was
submitted by consent of the parties pursuant to 28 U.S.C.
§ 636(c)(1) (1994).

summary judgment in favor of the Commissioner.  We affirm the District Court.

The Social Security Administration has adopted regulations that set out the process for evaluating a child's claim for disability benefits. First, the child must not be engaged in substantial gainful activity.  20 C.F.R. § 416.924(c) (1995).  Second, the child must have a severe impairment.  Id. § 416.924(d).  Third, the impairment or combination of impairments must either (1) meet or equal the severity of an impairment listed in 20 C.F.R. § 404 subpt. P app. 1, or (2) be of comparable severity to an impairment or combination of impairments that would disable an adult. Id. § 416.924(e),(f).  The regulations define an impairment of comparable severity as one that so limits a child's "ability to function independently, appropriately, and effectively in an age-appropriate manner that [the] impairment(s) and the limitations resulting from it are comparable to those which would disable an adult."  Id. § 416.924(a).

In this case, the ALJ found that Rogers is not engaged in substantial gainful activity and that she suffers from severe impairments, specifically dysthymia (depression or irritability) and oppositional disorder (recurrent pattern of hostile acts toward authority figures).  The ALJ, however, specifically stated that she did not have a severe impairment from her vision problem.  The ALJ also found that the impairments do not meet or equal the severity of a listed impairment nor are they of comparable severity to impairments that would disable an adult.  In this appeal, Burnett challenges only the ALJ's finding that Rogers's impairments are not of comparable severity to impairments that would disable an adult.

A decision to deny social security benefits is reviewed under a deferential standard.  We will affirm the decision if the findings are supported by substantial evidence on the record as a whole.  Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

"Substantial evidence is `such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Id. (quoting Smith v. Shalala, 31 F.3d 715, 717 (8th Cir. 1994)).

Having reviewed the record, we conclude that the ALJ's findings are supported by substantial evidence.  There is no doubt that Rogers has had a difficult life for someone so young, but the finding that she is not disabled must be sustained.  First, we note that the ALJ did not find that her vision impairment, the basis of her claim for disability benefits, is a severe impairment.  Second, evidence in the record demonstrates that she functions independently in an age-appropriate manner even though she suffers from other severe impairments.  While her school work has suffered, Rogers testified that she is frequently absent because she finds school boring.  In these circumstances, we have no basis for setting aside the ALJ's finding that Rogers's impairments are not of comparable severity to impairments that would disable an adult.  The judgment of the District Court therefore is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.