# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-2098

_____

Darlene F. Chambers,                        *
                                            *
          Appellant,                        *
                                            *
     v.                                     *
                                            *
Dora Schriro, Director of the               *
Missouri Department of Corrections;         *
Michael Bowersox, Superintendent,           *     Appeal from the United States
Potosi Correctional Center; Gloria          *     District Court for the
Gourley, Assistant Superintendent,          *     Eastern District of Missouri
Potosi Correctional Center; John Doe,       *
1-100, Unknown Male Officials of the        *          [UNPUBLISHED]
MDC; Jane Doe, 1-100, Unknown               *
Female Officials of the MDC; John           *
Doe, 1-10, Unknown Inmates of the           *
PCC; Chris Harmon, Sheriff of               *
Washington County; John Doe                 *
Sheriffs and DEA Agents, Unknown            *
Agents Participating in Drug Raid at        *
PCC,                                        *
                                            *
          Appellees.                        *

_____

Submitted:  September 1, 1998

Filed:  September 4, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Darlene Chambers appeals from the district court's[1] entry of summary judgment in favor of defendants in her 42 U.S.C. § 1983 action alleging constitutional violations and pendent state claims against prison officials. We affirm.

When Ms. Chambers went to the Potosi Correctional Center (PCC) in July 1995 to visit her husband, a PCC inmate, she was denied admittance. PCC was investigating information that drugs were entering the institution, and Ms. Chambers and others were placed on a list of those whose visiting privileges were temporarily suspended. The investigation was terminated for lack of evidence approximately one month later, and all the visitors' privileges were reinstated.

During the temporary suspension, Ms. Chambers filed suit against the Director of the Missouri Department of Corrections, PCC's Superintendent and Assistant Superintendent, and Washington County Sheriff Chris Harmon.[2] As relevant to this appeal, she contended that the PCC Superintendent and Assistant Superintendent had placed her name on a list and intentionally disseminated false information that she was a suspected drug smuggler, thereby ruining her reputation in the community and damaging her bailbonds business. She also alleged that law enforcement officials,

_____

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

[2]Although Chambers also included as defendants various unnamed MDC officials, PCC inmates, sheriffs, and DEA agents, the district court dismissed these defendants, and Chambers does not challenge that ruling on appeal. See Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740-41 (8th Cir. 1985).

including Sheriff Harmon, were given false information implicating her as a suspected drug smuggler. Ms. Chambers contended that the prison-official defendants were retaliating against her for assisting her husband with his defense and for filing a lawsuit against PCC officials that had been settled over a year and a half earlier. She alleged due process, equal protection, and First Amendment violations, among others, and state law claims, including slander and libel. The district court granted defendants summary judgment as to the federal claims and declined to exercise supplemental jurisdiction over Ms. Chambers's state claims, dismissing them without prejudice.

We agree with the district court that the prison officials' alleged dissemination of false information at most supported a state law tort claim, rather than a constitutional violation. See Siegert v. Gilley, 500 U.S. 226, 228-29, 233-34 (1991) (rejecting plaintiff's due process claim based on allegation that his former supervisor at federal hospital sent defamatory letter, causing plaintiff to lose subsequent army hospital position and preventing him from obtaining other appropriate employment). We also conclude that the district court properly rejected Ms. Chambers's equal protection claim, as she failed to offer evidence that she was treated differently than those similarly situated. See Klinger v. Department of Corrections, 31 F.3d 717, 731 (8th Cir. 1994), cert. denied, 513 U.S. 1185 (1995).

Summary judgment was also proper as to Ms. Chambers's retaliation claim, given the lack of any supporting evidence, see Miller v. Solem, 728 F.2d 1020, 1025-26 (8th Cir.), cert. denied, 469 U.S. 841 (1984), and as to her claim against Sheriff Harmon, because there was no evidence he was involved in violating her legal rights, see Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985).

Although Ms. Chambers argues on appeal that she was improperly denied discovery, she fails to specify how discoverable information could have overcome the inadequacy of her claims. Thus we conclude that the district court did not abuse its discretion in denying her motions to compel. See Duffy v. Wolle, 123 F.3d 1026, 1040

(8th Cir. 1997) (denial of motion to compel reviewed for gross abuse of discretion), cert. denied, 118 S. Ct. 1839 (1998); cf. Humphreys v. Roche Biomedical Laboratories, Inc., 990 F.2d 1078, 1081 (8th Cir. 1993) (applying abuse-of-discretion standard to denial of Fed. R. Civ. P. 56(f) request for continuance to permit further discovery; grant of continuance to permit discovery prior to summary judgment ruling is unjustified absent showing how postponement will permit rebuttal).

Insofar as Ms. Chambers raises the issue, we conclude the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over her state claims. See 28 U.S.C. § 1367(c)(3). Finally, we deny Ms. Chambers's motion for remand for a hearing: although she contends that an inmate mailed to her summary judgment documents she never received, she fails to explain how the documents could have assisted her.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-