# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-2141EA

_____

_____

| | |
|---|---|
| Linda Qualls, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| vs. | * District Court for the |
| | * Eastern District of Arkansas. |
| Kenneth S. Apfel, | * |
| | * |
| Appellee. | * |

_____

Submitted: September 21, 1998
Filed: October 16, 1998

_____

Before BOWMAN, Chief Judge, WOLLMAN and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Linda Qualls appeals from the district court's affirmance of the Social Security Administration's denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-33. Because the denial of benefits is supported by substantial evidence in the record, we affirm.

## I. BACKGROUND

Linda Qualls is a 56-year old woman with a high school education and a past work history as a real estate closing agent. She alleges that she has been disabled since October 15, 1990, by her insulin-dependent diabetes mellitus, hypothyroidism, arthritis, migraine headaches and depression. Medical evidence corroborates the fact that Qualls indeed suffers, or has suffered, from most of these conditions.

Qualls applied for Social Security disability insurance benefits in August 1993. Her application was denied by the Social Security Administration initially and upon reconsideration. After initial and supplemental hearings, the administrative law judge (ALJ) made the following findings: (1) Qualls' hypothyroidism does not cause any disability; (2) Qualls' migraine headaches are "minimal to nonexistent" when she takes her medication; (3) despite mild degenerative arthritis, Qualls "retains adequate mobility of her cervical and lumbar spine with no neurological deficit, loss of coordination, or impairment of limb function," and Qualls does not suffer from persistent joint pain, tenderness, stiffness, or swelling; (4) despite her diabetes, Qualls denies adverse effects such as nocturia, dysuria, polydypsia, paresthesia, claudication, retinopathy, neuropathy, nephropathy, chest pains, and shortness of breath; (5) Qualls' medical specialists do not share the opinion of her treating physician that Qualls is disabled; (6) despite her complaints about fatigue and pain, Qualls is able to engage in normal daily activities such as reading, watching television, doing crafts, raising flowers, visiting her parents regularly, attending church twice a week, driving, attending to personal business, cooking, cleaning, doing laundry, going grocery shopping, and taking care of her two grandchildren; (7) no evidence indicates that Qualls cannot sit, stand, walk, or occasionally lift a maximum of twenty pounds; and, (8) no evidence shows that Qualls' depression, which can be treated effectively by medication, significantly limits her abilities to socialize or to concentrate.

After considering all of the physical and mental aspects of Qualls' medical problems, the ALJ found that Qualls could return to her past relevant work as a real estate closing agent. Qualls' duties entailed gathering pertinent closing information such as pay-off amounts, tax information, termite inspections, abstract updates and

recertification; the work did not call for any lifting other than lifting and carrying closing packets to the closing office. Because Qualls' work fell within the Social Security Act's definition of "light work," which precludes a finding of disability, the ALJ denied Qualls' application for benefits.

Qualls filed an action in district court, which concluded that substantial evidence supported the ALJ's determination. On appeal, Qualls argues that the ALJ's decision was not supported by substantial evidence in the record. Specifically, she complains that the ALJ improperly discredited her subjective complaints of pain, overestimated her residual functional capacity, and mistakenly concluded that she could return to her past work as a real estate closing agent. Qualls requests either a reversal of the ALJ's decision or a remand requiring the Commissioner to prove her ability to work at some job in the national economy with vocational expert testimony.

## II. DISCUSSION

We will uphold the Secretary's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g) (1991 & Supp. 1998); Flynn v. Chater, 107 F.3d 617, 620 (8th Cir. 1997). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support the Secretary's conclusion. Flynn, 107 F.3d at 620. In making this assessment, this court must consider evidence that detracts from, as well as supports, the Commissioner's decision. Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993). This court cannot reverse the Secretary's decision merely because substantial evidence would have supported an opposite decision. Browning v. Sullivan, 958 F.2d 817, 821-22 (8th Cir. 1992) ("We will not disturb the decision of an ALJ who seriously considers, but for good reasons explicitly discredits, a claimant's testimony of disabling pain.").

We note at the outset that the underlying issue involved in the ALJ's analysis concerns not whether Qualls is in pain, but whether the pain is so severe as to be disabling. McGinnis v. Chater, 74 F.3d 873, 874 (8th Cir. 1996); Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987). Disability, under the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In determining whether a claimant has a disability, the ALJ may consider such factors as the claimant's prior work history; daily activities; duration, frequency and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; functional restrictions; the combined effects of claimant's physical and mental impairments; and, doctors' opinions. See, e.g., Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984); Dressel v. Califano, 558 F.2d 504, 508 (8th Cir. 1977); Hinchey v. Shalala, 29 F.3d 428, 431 (8th Cir. 1994).

Substantial evidence in the record shows that Qualls' medical problems, individually and in combination, do not cause pain that is so severe as to be disabling. The fact that Qualls' migraine headaches are "minimal to nonexistent" when she takes her medication precludes a finding of disability. See Wilson v. Chater, 76 F.3d 238, 241 (8th Cir. 1996) (finding that claimant did not suffer from disability because medication and diet controlled hypertension, diabetes mellitus, hypoglycemia, ulcers, lower back pain, chest pain, and hernia); McGinnis v. Chater, 74 F.3d 873, 874-75 (8th Cir. 1996) (refusing to find disability when medication relieved claimant's otherwise severe headaches). Likewise, although x-rays reveal that Qualls suffers from mild degenerative arthritis, the fact that the arthritis does not cause any restriction in her gait or motion in her joints, any muscle spasm atrophy, any reflex, motor or sensory deficits, or any persistent joint pain, tenderness, stiffness, or swelling precludes a finding of disability. Finally, the fact that Qualls denies many of the adverse symptoms that are associated with diabetes and an insulin regimen also precludes a finding of disability.

Substantial evidence also shows that, despite her complaints of fatigue and pain, Qualls can engage in extensive daily activities and, thus, is not disabled. For example, Qualls can read, watch television, do crafts, raise flowers, visit her parents regularly, attend church twice a week, drive, attend to personal business, cook, clean, do laundry, go grocery shopping, and take care of her grandchildren. Additionally, Qualls' depression does not significantly limit her abilities to socialize or to concentrate.

All of this evidence supports the ALJ's conclusion that Qualls retains the residual functional capacity to engage in the full range of light work and, thus, to return to her past work as a real estate closing agent. The Social Security regulations define light work to be that which

> involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a person] must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (1998). The work of a closing agent involves gathering pertinent closing information and carrying closing packets to the closing office. However, the work does not entail any lifting, walking, or standing beyond that which the regulations include within the definition of "light work." Because Qualls would be able to perform these duties, the ALJ properly concluded that she is not disabled for purposes of the Act.

As a final note, Qualls' complaint that the ALJ improperly rejected the opinion of her treating physician that Qualls is disabled is without merit. First, "[t]he hearing examiner need not adopt the opinion of a physician on the ultimate issue of a claimant's ability to engage in substantial gainful employment." Behnen v. Califano, 588 F.2d 252, 254 (8th Cir. 1978) (citing Allen v. Weinberger, 552 F.2d 781, 785 (7th Cir. 1977)). More importantly, although a treating physician's opinion is considered to be significant, specialists' opinions are generally afforded more weight. See 20 C.F.R. § 404.1527(d)(5); Hinchey, 29 F.3d at 432. Here, it is significant that the medical

specialists do not share the same opinion. Evidence that is more weighty supports a finding that Qualls is not disabled.

## III. CONCLUSION

Because substantial evidence in the record supports the ALJ's decision to deny disability benefits, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.