# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2291

_____

Allen Sampson,                                    *
                                                  *
                    Appellant,                     *
                                                  *    Appeal from the United States
          v.                                      *    District Court for the
                                                  *    Western District of Missouri.
Kenneth S. Apfel, Commissioner of                 *
Social Security Administration,                   *
                                                  *
                    Appellee.                      *

_____

Submitted:  November 20, 1998

Filed:  January 12, 1999

_____

Before McMILLIAN, WOLLMAN, and HANSEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Allen Sampson appeals the district court's[1] judgment affirming the denial of his application for social security disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq.  We affirm.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Sampson is forty-five years old and has a high-school education. His past relevant work includes experience as an assembler for the Ford Motor Company. Sampson has been unable to work since a head-on automobile accident on November 24, 1993. On March 23, 1994, he filed an application for disability insurance benefits, alleging a disability onset date of November 24, 1993. He claimed to be disabled and unable to work because of a separated disc, neck and back pain, and numbness in his right hand, all as a result of the accident.

The Social Security Administration denied Sampson's application initially and again on reconsideration. Following a hearing, an administrative law judge (ALJ) found that Sampson had not engaged in substantial gainful activity since November 24, 1993. The ALJ also found that he presented orthopedic problems involving the low back, pain in the neck and shoulder, and numbness in the right hand. Nonetheless, the ALJ concluded that Sampson did not have impairments, when considered singularly or in combination, which met or equaled the criteria found in the Listings of Impairments. See Appendix 1, Subpart P, Regulations No. 4. The ALJ further found that although Sampson was unable to perform work as an assembler, he had the residual functional capacity to perform a significant number of jobs in the local and national economies and therefore was not disabled. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (describing the five-step analysis). The ALJ also discredited Sampson's subjective complaints of pain after applying the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted).

The Appeals Council denied Sampson's request for further review, and the ALJ's decision thereby became the final decision of the Commissioner. Sampson subsequently appealed to the district court pursuant to 42 U.S.C. § 405(g). The district court granted the Commissioner's motion for summary judgment, finding that substantial evidence supported the Commissioner's decision to deny Sampson disability

benefits. On appeal, Sampson contends that the ALJ improperly concluded that the medical evidence contradicts the opinion of his treating physician and incorrectly discounted his subjective complaints of pain as not credible.

## II.

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. See Clark v. Apfel, 141 F.3d 1253, 1255 (8th Cir. 1998). Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion. See Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993). In determining whether the existing evidence is substantial, "we must consider evidence that detracts from the [Commissioner's] decision as well as evidence that supports it." Id. We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. See Smith v. Shalala, 987 F.2d 1371, 1374 (8th Cir. 1993).

We first address Sampson's argument that the ALJ improperly discredited the opinion of his treating physician, Dr. Bowles. On October 1, 1994, Dr. Bowles indicated that Sampson's constant low back pain and persistent neck pain were incapacitating for any type of work for which Sampson was trained. Dr. Bowles also stated that Sampson was totally unable to perform any type of work that involved bending, lifting, or squatting. The ALJ is not required, however, to adopt the opinion of a physician on the ultimate issue of a claimant's ability to engage in gainful employment. See Behen v. Califano, 588 F.2d 252, 254 (8th Cir. 1978). Further, a treating physician's opinion is afforded less deference when the medical evidence in the record as a whole contradicts the opinion itself. See Johnson v. Chater, 87 F.3d 1015, 1018 (8th Cir. 1996); Cruze v. Chater, 85 F.3d 1320, 1324-25 (8th Cir. 1996).

The ALJ's decision discussed the medical evaluations and treatment notes provided by Dr. Bowles, along with the treatment notes of Dr. Jenny and Dr. Ebelke, who also treated Sampson. Dr. Bowles's treatment notes state that Sampson had "unexplained low back pain syndrome" and "unexplained refractoriness to all kinds of therapy." Dr. Bowles stated, however, that "when I asked him to take off his shoes and put them back on he exhibited much better bending and flexibility of the back (when I was not watching) than he did under a test circumstance."

X-rays taken of Sampson's back in 1993 and 1994 revealed a minimal central bulge at the C3-4 and a minimal central bulge with a small central focal disc herniation at L4-5. Dr. Ebelke reported that, after surgery in 1995, Sampson's medical condition improved with the positioning of an "instrumentation with maintenance and good development of the bone graft." The treatment notes also indicate normal strength, tone, and coordination levels. Sampson's neurological examination revealed full motor strength in his lower extremities. Dr. Ebelke also noted that Sampson performed a complete hip rotation without pain. Moreover, Sampson was cleared to return to work in October 1994. Thus, substantial evidence supports the ALJ's decision not to abide by the opinion of Sampson's treating physician.

We next consider Sampson's argument that the ALJ improperly discredited his subjective complaints of pain. "As is true in many disability cases, there is no doubt that the claimant is experiencing pain; the real issue is how severe that pain is." Spradling v. Chater, 126 F.3d 1072, 1074 (8th Cir. 1997) (quoting Woolf, 3 F.3d at 1213). An ALJ must consider the following factors when analyzing a claimant's subjective complaints of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. Polaski, 739 F.2d at 1322. Other relevant factors include the claimant's relevant work history and the absence of objective medical evidence to support the complaints. Id.

The ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole. See Sullins v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994).

Applying the foregoing factors, the ALJ concluded that Sampson's complaints of disabling pain lacked credibility. As discussed above, there is no substantial evidence in the record of a disabling condition. Sampson stated that he can sit for ten minutes and stand for twenty minutes at a time. He is able to walk up to three-quarters of a mile without the use of a supporting device. Sampson reported that at one time he was walking four to five miles each day. Sampson also acknowledged that he drives an automobile, makes his bed, loads the dishwasher, and watches television on a daily basis. The ALJ also noted Sampson's unwillingness to continue with physical therapy despite his ability to complete the therapy without many complaints. The treatment notes indicate that he was just "going through the motions." See 20 C.F.R. 404.1530(b); see also Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997) ("Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits"). Thus, the evidence as a whole supports the ALJ's conclusion that Sampson's testimony was credible to the extent that he has some pain, but not to the extent that he cannot perform any type of work. See Woolf, 3 F.3d at 1214.

The district court's judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-