# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1943

_____

Walter Chapman,                            *
                                           *
    Plaintiff-Appellant,               *
                                           *   Appeal from the United States
    v.                                 *   District Court for the
                                           *   Eastern District of Arkansas.
Jo Anne B. Barnhart, Commissioner,         *
Social Security Administration,            *        [UNPUBLISHED]
                                           *
    Defendant-Appellee.                *

_____

Submitted: July 22, 2004
Filed: August 5, 2004

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Walter Chapman appeals the district court's[1] decision upholding the Commissioner's denial of his applications for supplemental security income ("SSI"). Having carefully reviewed the record, see Sampson v. Apfel, 165 F.3d 616, 618 (8th Cir. 1999) (standard of review), we affirm.

_____

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

In February of 1992, Chapman filed a successful application for SSI, alleging disability by virtue of his alcoholism. Following this award of payments, however, Congress amended the Social Security Act to eliminate drug and alcohol addiction as a basis upon which to receive disability insurance benefits and SSI. See Newton v. Chater, 92 F.3d 688, 695 n.3 (8th Cir. 1996) (discussing the impact of the Contract with America Advancement Act of 1996). In June of 1996, the Social Security Administration notified Chapman of this change in law, and further stated that his SSI would cease effective January 1, 1997. Chapman appealed this decision and requested a hearing in order to establish that he was disabled without regard for his alcohol addiction.

While his original 1992 application for SSI underwent administrative re-evaluation and review, Chapman filed a second application for SSI in April of 2000. In this application, he alleged disability due to a panoply of psychological and physical impairments, including anxiety, depression, pseudogout, and chondrocalcinosis. Both of Chapman's applications eventually reached the same level in the administrative review process, and were thereby "consolidated" for consideration by an administrative law judge ("ALJ"). Following a hearing, the ALJ concluded that Chapman was not disabled at step five of the Commissioner's five-step sequential evaluation process, insofar as he retained the residual functional capacity to perform work existing in significant numbers in the national economy. See 20 C.F.R. §§ 404.1520(g), 404.1560(c).

Chapman identifies several perceived errors in the ALJ's analysis, including the use of a hypothetical question that did not accurately reflect his limitations of function, the failure to accord proper weight to the opinions of his treating physicians, and the refusal to fully credit his subjective allegations of pain. Our review of the record and applicable legal authorities convinces us that the result of the ALJ, as well as the reasoning employed therein, was proper. The district court's analysis in

reaching this same conclusion was cogent and thorough; further elaboration by this court would serve little purpose.

Accordingly, the judgment of the district court is affirmed. <u>See</u> 8th Cir. R. 47B.

_____